GARRISON–WAGNER, et al., Appellants,

v.

CITY OF ST. LOUIS and the Land Reutilization Authority of St. Louis, Respondents.

No. 45662.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 18, 1983.

Daniel T. Rabbitt, St. Louis, for appellants.

Raymond A. Bruntrager, St. Louis, for City.

James E. Godfrey, St. Louis, for Land Reutilization.

CRANDALL, Presiding Judge.

This is an appeal from the dismissal by the trial court of Counts I and II of appellants' petition. Appellants are owners of buildings or operators of businesses within buildings which were damaged when a fire began in the Heyday Building on April 2, 1976. The Heyday Building was allegedly owned or controlled by respondents, City of St. Louis (City) and The Land Reutilization Authority of St. Louis (Authority). Appellants sought compensation for their damages on alternative theories of negligence. The City and the Authority filed motions to dismiss on the basis of sovereign immunity. In addition, the City sought dismissal because it did not hold legal title to the Heyday Building, a fact which is conceded by appellants. The trial court sustained respondents' motions and this appeal ensues.[1] We affirm.

---

1. Respondents contend in identical jurisdictional statements that the appeal must be dismissed because appellants are seeking review of an interlocutory order. Judgments which do not dispose of all issues and all parties are not final nor appealable unless so specified by the trial court. Rule 81.06; *Mullen v. Dike Dev. Co.,* 560 S.W.2d 337, 339–340 (Mo.App.1977). The judgment in this case was not designated as final or appealable by the trial judge.

After the judgment was entered dismissing the first two counts of their petition, appellants dismissed without prejudice Count III of their petition which effectively disposed of all issues and parties and converted the prior interlocutory order into a final appealable one. *McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co.,* 323 S.W.2d 788, 791 (Mo.1959); *see Florida Coast Bank of Broward County v. Hines,* 646 S.W.2d 110, No. 32798 (Mo.App. W.D.1983); *Stocker v. J.C. Penney Co.,* 338 S.W.2d 339, 340 (Mo.App.1960). The fact that plaintiff may at a later date bring another action for the same cause does not prevent the current disposition from being final. *Moley v. Plaza Properties, Inc.,* 549 S.W.2d 633, 634 (Mo.App.1977). We conclude this court has jurisdiction of the appeal.

We will first consider appellants' claim against the Authority. The Authority was created pursuant to and is governed by the Municipal Land Reutilization Law (MLRL), §§ 92.700–92.920, RSMo (1978).[2] The MLRL provides that certain cities may have the collection of delinquent real estate taxes regulated and managed by the Authority. The City chose to utilize this method of tax collection by the enactment of St. Louis, Mo. Ordinance 56054 § 1 (1971). Once created by the City, the Authority operates "to foster the public purpose of returning land which is in a nonrevenue generating nontax producing status, to effective utilization . . . ." In the exercise of its powers, the Authority is "deemed to be a public corporation acting in a governmental capacity." § 92.875. The Authority takes title to real estate by operation of law when the real estate has been offered for sale by the sheriff in satisfaction of a judgment for delinquent real estate taxes on three different days and there has been no bid received equal to the full amount of the judgment including fees and costs. § 92.830.2. Parcels sold to the Authority under the MLRL are held in trust for the "tax bill owners and taxing authorities having an interest in tax liens." §§ 92.835.1, 92.880, 92.890.3. As trustee and owner of such parcels of real estate, the Authority has the power and duty to "manage, maintain, protect, rent, lease, repair, insure, alter, sell, trade, exchange, or otherwise dispose of such real estate on such terms and conditions as may be determined in the sole discretion" of the Authority. § 92.900(4).

As defined by the legislature, the Authority is a public corporation acting in a governmental capacity. § 92.875. A public corporation differs from a municipal corporation in that a municipal corporation by its nature can perform proprietary and governmental functions. *Beiser v. Parkway School District,* 589 S.W.2d 277, 280 (Mo.

1979). Liability may attach in the performance of proprietary functions while the municipality is accorded immunity in the performance of its governmental functions.[3] *Id.* at 280; *Davis v. City of St. Louis,* 612 S.W.2d 812, 814 (Mo.App.1981). Liability or nonliability is based upon the character of the act performed. *St. Joseph Light & Power Co. v. Kaw Valley Tunneling, Inc.,* 589 S.W.2d 260, 267 (Mo.1979). The case law which has evolved from the application of the doctrine of sovereign immunity based upon the dichotomy of function has produced a maze of inconsistencies. *State ex rel. Allen v. Barker,* 581 S.W.2d 818, 824 (Mo. banc 1979).

In this case, however, we need not proceed to the analysis of governmental versus proprietary functions. The Authority is, by definition, a public corporation acting in a governmental capacity and is, therefore, an arm of the State performing only governmental functions. *St. Joseph Light & Power Co. v. Kaw Valley Tunneling, Inc.,* 589 S.W.2d at 267. As a public corporation, the Authority is excepted from the general rule that the type of activity involved is determinative of the question of sovereign immunity. *Id.* at 267. The trial court correctly dismissed appellants' petition against the Authority and we therefore deny appellants' first contention.

We next turn to appellants' claim against the City. The City did not hold title to the Heyday Building; title and exclusive control of the property was vested in the Authority. §§ 92.835, 92.900. The City at most occupied the position of a beneficiary of a statutory trust (*see* § 92.-835) and as such is not liable for torts committed by the trustee-Authority in the management of the trust property. I A. Scott, The Law of Trusts §§ 8, 276 (1967); *see Barnett v. Schumacher,* 453 S.W.2d 934, 936 (Mo.1970); *Gilliam v. Hopkins,* 472 S.W.2d 436, 443 (Mo.App.1971). Appellants' second contention is denied.

---

**2.** All statutory references are to RSMo (1978) unless otherwise indicated.

**3.** We note that § 537.600(2), RSMo (1978), which expressly abrogates, under certain circumstances, immunity of public entities for

their negligent maintenance of property is not applicable here because its application is prospective only. *Christophel v. Parkway Sch. Dist.,* 600 S.W.2d 61, 62 (Mo.App.1980). Appellants' cause of action arose in 1976.

The order of the trial court dismissing Counts I and II of appellants' petition is affirmed.

REINHARD and CRIST, JJ., concur.