620 F.Supp. 1457 (1985)
George D. LAMB, Plaintiff,
v.
EQUIFAX SERVICES, INC., et al., Defendants.
No. 85-1127C(6).
United States District Court, E.D. Missouri, E.D.
November 5, 1985.
George von Stamwitz, St. Louis, Mo., for plaintiff.
Stephen A. Thompson, Fordyce & Mayne, P.C., K. Steven Jones, Kortenhof & Ely, St. Louis, Mo., for defendants.

ORDER AND MEMORANDUM
GUNN, District Judge.
IT IS HEREBY ORDERED that defendants Equifax Services, Inc. and Stinson's motion to dismiss, converted to a motion for summary judgment pursuant to Rule 12(b), Fed.R.Civ.P., is granted.
IT IS FURTHER ORDERED that defendant Daley's motion for summary judgment is granted.
IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.
On November 27, 1984 plaintiff filed, pro se, cause of action No. 84-2756C(1) against Equifax Services, Inc., Bradley Stinson and Phillip Gene Daley alleging a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, and various state common law theories of recovery. On April 4, 1985, the Court[1] issued an order granting defendants summary judgment on the ground that all applicable statutes of limitations had run. Plaintiff did not appeal this judgment.
The present cause of action, filed May 16, 1985, is between the same parties and arises out of the same facts or occurence as the previous action. Plaintiff's complaint[2] seeks recovery under the same theories raised in the previous action, as well as under the additional theory of racial discrimination.
The doctrine of res judicata (claim preclusion) provides that a final judgment on the merits of an action precludes the parties from relitigating the cause of action upon any ground, absent fraud or some *1458 other factor invalidating the judgment. Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 94 S.Ct. 806, 811-12, 39 L.Ed.2d 9 (1974). The doctrine "prevents litigation of all grounds for ... recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felsen, 442 U.S. 127, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979); Roach v. Teamsters Local Union 688, 595 F.2d 446 (8th Cir. 1979). A court's dismissal of an action on the basis of the statute of limitations is a final adjudication on the merits for purposes of res judicata. Myers v. Bull, 599 F.2d 863, 865 (8th Cir.1979); Cemer v. Marathon Oil Co., 583 F.2d 830 (6th Cir.1978); C. Wright & A. Miller, 18 Federal Practice & Procedure § 4441 (1981). Applying these principles to the present case, the Court concludes that the final order rendered by the Court in Civil Action No. 842756-C-1 granting summary judgment against plaintiff George Lamb and in favor of defendants Equifax Services, Inc., Bradley Stinson, and Phillip Gene Daley, operates under the doctrine of res judicata to bar the present action between the same parties and arising out of the same facts as the previous action.
Accordingly, summary judgment is granted in favor of all defendants and against plaintiff.
NOTES
[1] The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.
[2] The complaint was filed pro se. The Court has since appointed counsel to represent plaintiff.