Edna CANADA, et al., Plaintiffs,

v.

CITY OF PAGEDALE, et al., Defendants.

No. 85–2256C(6).

United States District Court, E.D. Missouri, E.D.

May 29, 1986.

Elbert A. Walton, Jr., St. Louis, Mo., for plaintiffs.

Frank Susman, P.C., Susman, Schermer, Rimmel & Parker, St. Louis, Mo., for defendants.

## MEMORANDUM

GUNN, District Judge.

This case is before the Court on the motion of defendant City of Pagedale to dismiss. Plaintiffs failed to comply with a court order of February 10, 1986 to respond to defendant's motion; therefore, the Court has proceeded to a ruling without the benefit of legal argument on plaintiffs' behalf.

This case arises out of the arrest of plaintiffs Edna Canada, Mary Hall and Moses King on June 15, 1982. At the time of the arrest, Ms. Canada and Ms. Hall were passengers in an automobile being operated by Mr. King in the City of Pagedale. Plaintiffs allege in their complaint that defendant Odis Williams, at that time Chief of Police for the City of Pagedale, maliciously stopped the automobile and falsely accused plaintiff King of speeding. Plaintiffs allege further that, when they protested the traffic citation as false and maliciously motivated, defendant Williams arrested them for disturbing the peace and

interfering with a police officer. The prosecutor for the City of Pagedale prosecuted plaintiffs on these charges, on which plaintiffs were acquitted.

At the time of the arrest plaintiff Hall was mayor of the City of Pagedale. Plaintiffs allege that prior to June 15, 1982 Hall had sought to remove defendant Williams from office and to replace him with plaintiff King. Plaintiffs allege that this attempted exercise of executive prerogative on the part of Hall motivated defendant King in his decision to arrest plaintiffs.

Plaintiffs' complaint seeks recovery for violation of civil rights under 42 U.S.C. §§ 1981, 1982 and 1983 (Count I), as well as for false arrest (Counts III, VIII, XIII), false imprisonment (Counts I, VI, XI), malicious prosecution (Counts IV, IX, XIV) and slander (Counts II, V, VII, X, XII, XV).

■ At the outset the Court notes that plaintiffs' complaint contains no allegations that any aspect of the activity complained of was racially motivated, hence it cannot support a cause of action under either § 1981 or § 1982, each of which prohibits racial discrimination. Accordingly, insofar as plaintiffs' complaint is read to plead violations of those sections, it is dismissed.

■ Secondly, plaintiffs' pendent state law claims of false arrest, false imprisonment and slander are barred by the applicable statutes of limitations. The events giving rise to this suit occurred in June 1982. Plaintiffs filed their original complaint more than three years later, in September 1985. Missouri has a three year statute of limitations for actions against public officers for "liability incurred by the doing of an act in [their] official capacity." RSMo 516.130 (1985). Plaintiffs' actions for false arrest are thereby time-barred. The statute of limitations on plaintiffs' false imprisonment and slander counts is two years, RSMo 516.140 (1985).

■ Finally, a cause of action for malicious prosecution will not lie against defendant City of Pagedale. The allegations in plaintiffs' complaint of malicious insti-

gation of legal proceedings run solely against defendant Williams. *See Sanders v. Daniel International Corp.*, 682 S.W.2d 803 (Mo.banc 1984). Furthermore, the city prosecutor enjoys full prosecutorial immunity in the performance of his official duties. *Price v. Moody*, 677 F.2d 676 (8th Cir.1982).

The sole remaining count of plaintiffs' complaint as it runs against the City of Pagedale arises under § 1983. Briefly, plaintiffs allege that the actions of Williams violated their first amendment rights to freedom of speech and association. Plaintiffs also assert that Williams' action in stopping their automobile without probable cause deprived them of rights secured by the fourth amendment.

Defendants, relying on *Williams v. Butler*, 746 F.2d 431, 438 (8th Cir.1984) (no municipal liability for discretionary acts of officials) (dictum), and *City of Oklahoma City v. Tuttle*, 471 U.S. ——, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) (proof of single unconstitutional incident insufficient to establish municipal liability unless accompanied by proof that action undertaken pursuant to existing unconstitutional municipal policy), argue that plaintiffs have failed to allege facts giving rise to a cause of action against the City.

Were plaintiffs seeking to ground a finding of municipal liability on the proposition that defendant Williams' actions in this case constituted a "policy or custom" of the City of Pagedale, this Court would accept defendant City's argument and grant the motion.[1] Plaintiffs, however, have alleged direct involvement of the Pagedale City Council in the actions alleged to have caused the constitutional injury. *See* Plaintiffs' First Amended Complaint, ¶¶ 5, 10, 11. In this case, whether defendant Williams' actions could properly be said to represent city "policy" under the standards set forth in *Monell v. New York City Dept.*

*of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and its progeny is not at issue. Plaintiffs have alleged a municipal policy furthered by Williams and the City Council together to interfere with plaintiffs' enjoyment of their rights. The Court concludes that plaintiffs have alleged facts which, if true, could sustain recovery under § 1983. *See Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (standard to be applied in ruling on motion to dismiss). Accordingly, the motion of defendant City of Pagedale to dismiss plaintiffs' action as it arises under § 1983 is denied.

---

1. For the most recent articulation of the standard to be applied in determining municipal liability for the acts of officials with final policy-making authority *see Pembaur v. City of Cincinnati*, —— U.S. ——, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *see also Williams v. Butler*, 746 F.2d 431 (8th Cir.1984); 762 F.2d 73 (8th Cir.1985) (aff'g District Court by an equally divided Court), *vacated and remanded, sub nom. City of Little Rock v. Williams*, —— U.S. ——, 106 S.Ct. 1508, 89 L.Ed.2d 909 (1986), reargued before 8th Cir. May 15, 1986.