**Kenneth and Evernell PIPPINS,
Plaintiffs,**

v.

**CITY OF ST. LOUIS, Defendant–
Appellant,**

v.

**LAND REUTILIZATION AUTHORITY,
Third–Party Defendant–
Respondent.**

**No. 60501.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 28, 1992.

Leonard I. Newman, St. Louis, for plaintiffs.

James J. Wilson, Julian L. Bush, Stephan J. Kovac, St. Louis, for defendant-appellant.

Gerard T. Noce, Thomas M. Buckley, St. Louis, for third-party defendant-respondent.

CRIST, Judge.

Appellant, City of St. Louis, appeals the trial court's dismissal of its third-party petition against Land Reutilization Authority in a personal injury action. Reversed and remanded.

Kenneth Pippins and Evernell Pippins filed a personal injury action against the City of St. Louis. They alleged they had been damaged as a result of Mr. Pippins' fall on a negligently maintained sidewalk in the City. The City filed a third-party petition directed at the Land Reutilization Authority of the City of St. Louis (LRA), alleging LRA's negligent maintenance of a water stop box on the sidewalk had caused the injury. The City asked the court to

enter judgment ordering LRA to contribute to the payment of any judgment which may be rendered against the City.

LRA filed a motion to dismiss or in the alternative for summary judgment on the third-party petition. LRA contended it does not have capacity to be a defendant in a suit, or if it does, it cannot be a defendant in a suit by the City because it is not a separate entity. The trial court sustained the motion and entered judgment in favor of LRA. This appeal by the City followed.

■ The trial court's order sustaining the motion did not specify the grounds. In such cases it is presumed the court based its decision on the grounds specified in the motion,. *Brinson v. Whittico*, 793 S.W.2d 632, 633[1] (Mo.App.1990).

■ LRA has the capacity to be sued in that LRA is expressly declared to be a corporation by § 92.875, RSMo 1986, and other similarly created entities may be sued. In construing the statutes conferring power upon LRA, statutes involving similar or related subject matters may be considered. *Weber v. Missouri State Highway Commission*, 639 S.W.2d 825, 829[6] (Mo.1982). The Land Clearance for Redevelopment Authority, Missouri Industrial Development Board, Planned Industrial Expansion Authority, and Housing Authority were all created by statutes similar to those under which LRA was organized. These legislatively created entities which are similar to LRA were given the power "to sue and be sued." Therefore LRA may be sued. § 99.420, RSMo 1986; § 100.270, RSMo 1986; § 100.390, RSMo 1986; § 99.-080, RSMo 1986; *see Keifer & Keifer v. Reconstruction Finance Corp.*, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939). Furthermore, § 92.895, RSMo 1986, confers upon LRA the power to administer its business as any other corporate body, and other corporate bodies may be sued.

■ LRA argues the lack of statutory language stating LRA may "be sued" under § 92.895 shows the legislative intent to make them immune to suit. The maxim expressio unius est exclusio—omissions shall be understood as exclusions—is to be used with great caution. *Reorganized School Dist. No. R-8 v. Robertson*, 262 S.W.2d 847, 850[5] (Mo.1953). LRA's contention is without merit. There is no further indication of the legislature's intent to put LRA in the singularly unique position of being able to sue but not be sued, and there is support for permitting a suit against LRA.

LRA also contends the dismissal of LRA in *Garrison–Wagner v. City of St. Louis*, 646 S.W.2d 131 (Mo.App.1983) supports LRA's lack of capacity to be sued. In that case LRA was not dismissed because they lacked capacity, but because sovereign immunity applied to the situation at the time. *Id.* at 133[1].

■ LRA may also be a defendant in a suit by the City because they are separate entities. The LRA is specifically defined as a public corporation. § 92.875, RSMo 1986. The City at most occupies the position of a beneficiary of a statutory trust and is not liable for torts committed by LRA in the management of trust property. *See* § 92.-835, RSMo 1986; *Garrison–Wagner*, 646 S.W.2d at 133[2]. Therefore LRA and the City are separate entities and may sue one another. In addition, LRA has abandoned this ground on appeal.

■ Finally, LRA asserts, for the first time on appeal, the dismissal was proper because the City failed to state a cause of action in that LRA does not owe a duty to discover, warn or remedy dangerous conditions on a public sidewalk. When the attack on the sufficiency of the petition is raised for the first time on appeal, the pleading will be held good unless it *wholly* fails to state a claim. *Fallert Tool & Engineering Co. v. McClain*, 579 S.W.2d 751, 756[8] (Mo.App.1979). In considering sufficiency of the third-party petition, averments are given a liberal construction and pleading is accorded those favorable inferences fairly deducible from facts stated. *AAA Excavating, Inc. v. Francis Construction, Inc.*, 678 S.W.2d 889, 893[6] (Mo. App.1984). The third-party petition alleged: the stop box was elevated and not reasonably safe; LRA knew or should have known of this condition; and LRA failed to

use ordinary care to remedy the condition. The City did fail to explicitly plead LRA owned and controlled the stop box. However, the petition did not wholly fail to state a claim in that the reasonable inference is LRA had control and ownership.

LRA relies on *Schweizer v. City of Maplewood*, 784 S.W.2d 842 (Mo.App.1990), but it is of little help. The case involved an injury on a sidewalk in which the plaintiff fell through a manhole cover to the sewer. The court held the Metropolitan St. Louis Sewer District (MSD) had the responsibility for maintenance of the sewer system, but this did not relieve the City of its nondelegable duty to the public regarding defects in its sidewalk. The issue was whether the City continued to have a duty. In the present case the issue is whether LRA can be held liable. The court in *Schweizer* noted MSD had potential liability to a person injured on its property. *Id.* at 843 n. 2. This court therefore holds LRA has potential liability and defers to the trial court for such a determination.

Reversed and remanded.

PUDLOWSKI, P.J., and STEPHAN, J., concur.