Jimmy R. JORDAN, Appellant,

v.

Arthur GREENE, et al., Respondents.

No. WD 50045.

Missouri Court of Appeals,
Western District.

July 25, 1995.

Jimmy J. Jordan, Grand Prairie, TX, pro se.

Kathleen Hauser, City Atty., Lana K. Torczon, Asst. City Atty., Kansas City, for respondents.

Before HANNA, P.J., and BERREY and SPINDEN, JJ.

BERREY, Judge.

Jimmy R. Jordan, pro se appellant, appeals the trial court's order granting respondent Neighborhood and Community Services Development Department's (hereinafter "Department") motion to dismiss and respondent Arthur Greene's (hereinafter "Greene") motion for summary judgment as to appellant's action for defamation. Appellant claims four specific points of error.

He first contends the trial court erred in granting summary judgment in favor of respondent Greene because "the court did not properly apply the statute of limitations in that no consideration was given to appellant's lack of knowledge of the defamatory acts, . . .

leaving a fact issue, defeating summary judgment." Appellant next argues the trial court erred in granting summary judgment in favor of respondent Greene because "the court applied the wrong limitations statute . . ." For his third point, appellant claims the trial court erred in granting respondent Department's motion to dismiss because "the name of the party sued was not a critical error . . ." Finally, appellant asserts the trial court erred in its written order of September 7, 1994, because "it incorrectly issued judgment for each defendant . . ." Affirmed.

In March of 1989, appellant owned and lived on his residential property located at 3015 Linwood in Kansas City, Missouri. On March 3, 1989, the Department sent a letter to appellant, admittedly received, notifying him of certain violations of Chapter 25 of the City's ordinances relating to rank weeds and open storage. On March 11, 1989, appellant sent a reply letter to the Department denying the existence of violations. On March 12, 1989, appellant "filed an appeal contesting the charge of violations."

On May 5, 1989, appellant moved to Grand Prairie, Texas, allegedly as the result of a job transfer. Then, on June 8, 1989, the Property Maintenance Appeals Board considered his appeal. After weighing the evidence and testimony presented, the Appeals Board found that 1) appellant's residential premises were being used for open storage of unapproved items; 2) appellant's residential premises were being used for temporary open storage of building materials stored in an illegal manner; and 3) the cited violation concerning rank weeds was made in error and should be omitted.

On June 9, 1989, appellant spoke by telephone to David Park, the manager of respondent Department, concerning the erroneous charge of rank weeds. By appellant's own admission, he also hired an attorney on June 9, 1989, to work on his behalf to settle the remaining allegations. On August 30, 1989, David Park sent a letter of apology to appellant explaining the citation of weed violation was made in error and assuring appellant that respondent Greene did not intend to falsely accuse appellant.

On March 26, 1990, summons number G722288, signed by respondent Greene as complainant, was issued to appellant at his address in Kansas City, Missouri. This summons cited appellant with a nuisance violation of using his residential premises for long term storage of building materials. However, this summons was dismissed for ineffective service because it was mailed to the wrong address. Then, on March 22, 1991, two new summonses signed by respondent Greene as complainant were issued to appellant—one numbered G777410 was issued to appellant at his address in Kansas City, Missouri and cited violations of open storage of unapproved items on residential premises; the other, numbered G778137, was issued to appellant at his address in Grand Prairie, Texas and cited violations of using residential premises for long term storage of building materials. Summons number G777410 was subsequently dismissed for ineffective service because it was mailed to the wrong address.

Appellant admittedly received summons number G778137 at his address in Texas and filed a motion to dismiss. However, appellant did not attend the October 11, 1991, court hearing regarding summons number G778137, and a bench warrant was ordered for appellant's arrest.

On June 7, 1994, appellant filed this action in defamation, alleging libel and slander against respondents Greene and the Department. On July 15, 1994, respondent Greene filed a motion for summary judgment claiming the action was barred by the statute of limitations contained in § 516.140, RSMo. 1986. Also on July 15, 1994, respondent Department filed a motion to dismiss claiming the Department was not an independent body and therefore not an entity capable of being sued. On August 15, 1994, the trial court sustained both motions. Upon appellant's request, the trial court reconsidered the respondents' motions and its own order to take into account appellant's responsive pleadings that were initially deemed filed out of time. Ultimately, however, on September 7, 1994, the trial court entered a second order sustaining the motions, and this appeal followed.

In Points I and II, appellant claims the trial court erred in granting summary judgment in favor of respondent Greene. On appeal from summary judgment, the issue is one of law and our review is essentially de novo. We must test the propriety of summary judgment by the same standards as those which should be employed by the trial court. *Dana Commercial Credit Corp. v. Cukjati*, 880 S.W.2d 612 (Mo.App.1994). We review the record in the light most favorable to the party against whom judgment was entered. *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 244 (Mo. banc 1984). However, facts set forth by affidavit or otherwise in support of a party's motion for summary judgment are taken as true unless contradicted by the nonmoving party's response. *Cherry v. City of Hayti Heights*, 563 S.W.2d 72, 75 (Mo. banc 1978). To overcome the motion, the nonmoving party must set forth specific facts showing a genuine issue for trial. *St. Charles County v. Dardenne Realty Co.*, 771 S.W.2d 828 (Mo.1989).

For Point I, appellant asserts a fact issue exists to prevent summary judgment. He recognizes that § 516.140, RSMo.1986, imposes a two-year period of limitations for actions sounding in libel or slander. However, he claims to have lacked knowledge of the allegedly defamatory acts thereby tolling the two-year period of limitations contained in § 516.140. Appellant relies on § 516.100, RSMo.1986 which provides that:

[F]or the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, ...

Appellant argues that he lacked knowledge of respondent Greene's defamatory acts so that his damages were therefore not sustained and capable of ascertainment. Thus, he claims a jury question is presented as to when appellant knew of respondent Greene's activities.

In support, appellant cites *Vogel v. A.G. Edwards & Sons, Inc.*, 801 S.W.2d 746 (Mo. App.1990). In *Vogel*, plaintiff-investors brought suit against a brokerage firm alleg-

ing that their broker breached his fiduciary duty by "churning" accounts. The court held that the plaintiffs' action was not barred by the statute of limitations as a matter of law because a jury question *may* be presented on the issue of when the plaintiffs knew that the broker's trading constituted churning, triggering the statute of limitations. *Id.* at 753, 756. Whether the issue becomes a jury question depends on the evidence offered. *Id.* at 756. There was evidence in *Vogel* that the plaintiff-investors testified that the trading was not what they expected, that the plaintiff-investors received trade confirmations daily and received monthly account summaries, and that the plaintiff-investors were in daily contact with the broker during the period of churning. The court held this evidence did not establish the plaintiffs' knowledge of the churning as a matter of law. *Id.* However, the rationale for the court's holding involved the plaintiff-investors' reliance on the broker as an expert and their possible lack of understanding as to the meaning of the trading being discussed. *Id.*

The instant case is immediately distinguishable. Contrary to appellant's argument, the record clearly demonstrates that he knew the allegedly defamatory nature of respondent Greene's actions long before his filing of the present action. The record shows that appellant sent a letter to the Department on March 11, 1989, denying the existence of violations. And on March 12, 1989, he filed an appeal contesting the charge of the violations. Following the June 8, 1989, hearing, held by the Property Maintenance Appeals Board, appellant telephoned the manager of the Department. In his brief, appellant admits the purpose of the call was to "express[ ] his concern about the incorrect testimony provide[d] at the hearing by Inspector Greene." He also admittedly hired an attorney that same day "to work on his behalf to settle the remaining allegations." Then, on August 30, 1989, the manager of the Department sent a letter to appellant stating that respondent Greene was mistaken about the alleged weed violation, but that Greene never intended to falsely accuse appellant.

Additionally, although one of the summonses dated March 22, 1991, was eventually dismissed for ineffective service by mail, appellant admittedly had notice of the summons effort. In his brief, appellant states:

On November 1, 1990, a hearing was held regarding the above summons. Appellant was not in attendance, having only learned of the hearing a few days prior. Appellant did however quickly prepare and send an objection to the hearing based on lack of service. At the hearing which was attended by Appellant's son, Inspector Greene informed the Judge that he had personally served Appellant at the Linwood address. Such a claim was physically impossible.

While the evidence in *Vogel, supra,* precluded a finding of the plaintiffs' knowledge of their damages as a matter of law, we hold that appellant in the instant action did, in fact, have knowledge of the allegedly defamatory acts of respondent Greene as a matter of law.

Appellant cites no Missouri law to support his related arguments regarding republication of defamatory material and publications made in the course of judicial proceedings. We have examined those arguments and find them to be without merit.

Point I is denied.

■ In Point II, appellant claims the trial court erred in granting summary judgment in favor of respondent Greene because it applied the wrong limitations statute. He argues that § 516.130, RSMo.1986, rather than § 516.140, is applicable to his cause of action. If § 516.140 controls then appellant's action is barred. However, if the longer period set out in § 516.130 is applicable then we must decide when appellant's cause of action accrued and the statute began to run.

Section 516.130(1) provides that "[a]n action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise" shall be brought within three years. Appellant asserts that respondent Greene published libel and slander against him in the performance of his official duties as inspector for the Department. Appellant therefore argues

§ 516.130 is the applicable statute governing this action.

Counsel have cited no Missouri cases, applying either the two- or the three-year statute, where a plaintiff specifically pleaded slander or libel against a city official. Our independent research failed to reveal such a case. However, in *Canada v. City of Pagedale*, 635 F.Supp. 376 (E.D.Mo.1986), the court held that the statute of limitations on a plaintiff's claim for slander against a city official is indeed two years pursuant to § 516.140.

In *Canada*, the plaintiffs alleged in their complaint that the defendant, the chief of police for the City of Pagedale, maliciously stopped the automobile they were driving in and falsely accused the plaintiff-driver of speeding. When the plaintiffs protested the traffic citation as false, the defendant arrested them for disturbing the peace and interference with a police officer. The city prosecutor prosecuted the plaintiffs on these charges for which they were acquitted. The plaintiffs then sued for civil rights violations, false arrest, false imprisonment, malicious prosecution and slander. The federal court held that the plaintiffs' actions for false arrest were time-barred by application of § 516.130 and that their actions for false imprisonment and slander were time-barred by application of § 516.140. *Id.* at 377.

While the federal court's decision is not binding on our court, it is persuasive authority. The crux of the *Canada* decision is that each count of a plaintiff's petition must be governed by the most applicable limitation period to the charges made. Such a rule is also supported by the case of *National Credit Assocs., Inc. v. Tinker*, 401 S.W.2d 954 (Mo.App.1966).

*National Credit* involved a doctor's suit against his patient for medical fees in which the patient counterclaimed for damages arising out of the prescription and application of the doctor's professional treatment. The counterclaim included an element of fraud. The court held that the patient's counterclaim was barred by the two-year statute of limitations contained in § 516.140. *Id.* at 959. As in the instant case, there were two sections in Chapter 516 which had to be considered by the court—section 516.140 which provides a two-year period of limitations for *all* actions against physicians and section 516.120 which provides a five-year period of limitations for actions grounded in fraud. *Id.* at 956. The patient contended that her counterclaim was an action for fraud and restricted only by the five-year limitations period. Also, much like the appellant herein, the patient argued that she did not discover the alleged fraud or malpractice until less than two years before the counterclaim was filed.

The court was not persuaded. It recognized that previous case law rejected the efforts of litigants to bypass the two-year statute and bring actions against physicians under other parts of the five-year statute. *Id.* at 957. The court reasoned that "the gist of appellants' action" was the doctor's wrongful acts or treatments—i.e., malpractice. *Id.* at 959. It noted:

> [W]here the gravamen of the action is the defendant's improper, careless, negligent or wrongful acts as a physician, a petition for damages which in form alleges breach of contract or fraud will not result in bypassing the plain limitation which the Legislature has fixed for malpractice suits.

*Id.* The patient was therefore held to the shorter limitations period of § 516.140, and the counterclaim was dismissed.

We therefore hold that the more specific statute of limitations contained in § 516.140 governs the instant action.

Point II is denied.

In Point III appellant claims the trial court erred in granting respondent Department's motion to dismiss because the name of the party sued was not a critical error in that the error could have and should have been corrected by amendment with no undue surprise to the City. As noted above, the Department's motion to dismiss was granted on the ground that the Department was not an independent body and therefore not an entity capable of being sued. In support of his petition, appellant makes numerous arguments.

■ He first argues that as a pro se litigant unfamiliar with legal procedure, he should be given special consideration. While we are sympathetic to his position, we do not agree. A pro se litigant "is bound by the same rules of procedure as those admitted to practice law and is entitled to no indulgence he would not have received if represented by counsel." *Clark v. Clark*, 858 S.W.2d 837, 838 (Mo.App.1993).

■ Appellant next cites § 507.050, RSMo.1986, for the proposition that misjoinder of parties is not ground for dismissal of an action and § 509.490, RSMo.1986, for the proposition that great liberality is to be indulged in amendment of pleadings at any stage of the proceeding. Appellant claims "these authorities allow for a party to amend and name a proper party without losing his entire case." Certainly, appellant could have amended his petition. However, he did not!

Section 509.490 provides that:

A party may amend his pleading as a matter of course at any time before a responsive pleading is filed and served, ... Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires....

■ Here, respondent Department filed its motion to dismiss in response to appellant's petition on July 15, 1994. Although this filing gave appellant notice that he had sued the wrong entity, and although the trial court did not make its final decision until September 7, 1994, appellant never asked for leave to amend until the filing of his brief on appeal. A plaintiff who desires to file an amended petition must ask leave to do so. *Cady v. Hartford Accident & Indem. Co.*, 439 S.W.2d 483, 486 (Mo.1969).

■ While § 507.050 provides that "misjoinder of parties is not ground for dismissal of an action" and that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage," we do not believe the statute saves appellant's case. Appellant had ample time and opportunity to amend his petition to add the City as a party, but never did. Missouri case law holds that an amendment on appeal will not lie. *See Cady, supra*, and *Henkel v. City of Pevely*, 488 S.W.2d 949 (Mo.App.1972).

■ Finally, appellant argues the Department's method of raising the issue of suing an improper party violates of Missouri Rule 55.13. He claims the proper format for such an averment is an answer, not a motion. However, a motion to dismiss is a responsive pleading, and a party desiring to raise the issue of the capacity of any party to be sued may do so in a responsive pleading. *See Pemiscot County Memorial Hosp. v. Bell*, 770 S.W.2d 499 (Mo.App.1989). Appellant also claims that by suing the Department, he in fact sued the City. However, the Department is merely an administrative arm of the City which lacks a legal identity apart from the City. *Missouri ex rel. Gore v. Wochner*, 475 F.Supp. 274, 280 (E.D.Mo.1979), *cert. denied*, 449 U.S. 875, 101 S.Ct. 218, 66 L.Ed.2d 96 (1980).

Point III is denied.

■ Finally, appellant claims the trial court erred in its written order of September 7, 1994, "because it incorrectly issued judgment for each defendant, in that it sustained a motion for respondent Department, but entered judgment for respondent Greene, then sustained a motion for respondent Greene, but entered judgment for respondent Department." The court's order appears as follows:

Now on this 7th day of September, 1994, the Court reconsiders:

1. Defendant Neighborhood and Community Services Development Department's Motion to Dismiss Plaintiff Jimmy Jordan's Petition (filed July 15, 1994).

2. Defendant Arthur Greene's Motion for Summary Judgment (filed July 15, 1994).

Being advised in the premises, the Court considers responsive filings by plaintiff opposing the foregoing motions and orders as follows:

1. Defendant Neighborhood and Community Services Development Depart-

258

ment's Motion to Dismiss Plaintiff Jimmy Jordan's Petition (filed July 15, 1994) is **SUSTAINED.** Judgment is entered in favor of Defendant Arthur Greene and against Plaintiff for reasons stated in counsel's suggestions.

2. Defendant Arthur Greene's Motion for Summary Judgment (filed July 15, 1994) is **SUSTAINED.** Judgment is entered in favor of Defendant Neighborhood and Community Services Development Department for reasons stated in counsel's suggestions.

IT IS SO ORDERED.

Appellant argues the respondents' judgments are invalid because the trial court considered and sustained respondent Department's motion in paragraph one but then entered judgment for respondent Greene. Likewise, in paragraph two, the trial court considered and sustained respondent Greene's motion but then entered judgment for respondent Department.

 We do not agree that the claimed error makes the judgments invalid. An order or judgment which is not absolutely unintelligible cannot be void on its face or an absolute nullity if it appears that the court which entered it had jurisdiction of the parties and the subject matter. *Flynn v. Janssen,* 266 S.W.2d 666 (Mo.1954). The record shows that the trial court had jurisdiction over the parties and the subject matter.

Point IV is denied.

Affirmed.

All concur.