**Jimmy R. JORDAN, Appellant,**

v.

**KANSAS CITY, Mo., et al., Respondents.**

**No. WD 51990.**

Missouri Court of Appeals, Western District.

Aug. 6, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1996.

Application for Transfer Filed Oct. 16, 1996.

Application to Transfer Denied Nov. 19, 1996.

---

**15.** Footnote 3, *supra.*

Jimmy R. Jordan, pro se.

Lana K. Torczon, Asst. City Atty., Kansas City, for respondents.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

PER CURIAM.

Jimmy R. Jordan, plaintiff-appellant, appeals from the trial court's order granting the City of Kansas City's ("the City") motion for summary judgment and the Neighborhood and Community Services Department's ("the Department") motion to dismiss. On appeal, Jordan claims: 1) the trial court erred by not ruling on his motion to strike the Department's motion to dismiss; 2) the trial court erred in granting summary judgment in favor of the City based on the doctrine of *res judicata;* and 3) the trial court erred in granting the Department's motion to dismiss based upon the Department's assertion that it is not a suable entity.

Judgment is affirmed.

On June 7, 1994, Jimmy R. Jordan filed a defamation action against the Department and Arthur Greene, an inspector for the Department. The action was based on oral statements allegedly made by Greene during a property maintenance board hearing and a court hearing, and on written statements made by Greene in the form of summonses and notice letters. Both the oral and written statements related to certain alleged violations by Jordan of Chapter 25 of the City's ordinances relating to rank weeds and open storage. On July 15, 1994, Greene filed a motion for summary judgment claiming that Jordan's claim was barred by the statute of limitations. The Department filed a motion to dismiss claiming that it was not a suable entity. On September 7, 1994, the trial court entered summary judgment in favor of Greene and granted the Department's motion to dismiss. This court affirmed the judgments in *Jordan v. Greene,* 903 S.W.2d 252 (Mo.App.1995) ("*Jordan I* ").

On March 27, 1995, Jordan filed an action for deprivation of constitutional rights and for trespass against the City and the Department. In the petition, Jordan alleged that Greene violated Jordan's constitutional rights when he allegedly failed to properly serve several summonses and warrants on Jordan and failed to obtain proper jurisdiction over Jordan. Jordan also averred that Greene trespassed on his property. On September 15, 1995, the City filed a motion for summary judgment based on the doctrine of *res judicata.* The City also filed in behalf of the Department a motion to dismiss based on its allegation that it is not a suable entity. On

November 22, 1995, the trial court granted the motions. Jordan now appeals.

### Motion to Strike

In Point I, Jordan claims that the trial court erred by failing to rule on his motion to strike the motion to dismiss as to the Department. In the motion to strike, Jordan argued that (1) the motion to dismiss was filed out of time, in violation of Rule 55.25; and (2) the motion to dismiss did not contain numbered paragraphs, in violation of Rule 55.11.

Jordan filed his petition against the City and the Department for the deprivation of constitutional rights and for trespass on March 27, 1995. The Department was served with notice of the petition on August 14, 1995. The City filed a motion to dismiss in behalf of the Department in which it claimed the Department was not a suable entity on September 15, 1995. Jordan filed a motion to strike the motion to dismiss on October 17, 1995.

Rule 55.25 provides: "A defendant shall file an answer within thirty days after the service of the summons and petition. . . ." The trial court has discretion to allow a party to file a responsive pleading after the expiration of the time limit provided in Rule 55.25. *See Manor Square, Inc. v. Heartthrob of Kansas City, Inc.,* 854 S.W.2d 38, 43 (Mo. App.1993); *Funkhouser v. Meadowview Nursing Home,* 816 S.W.2d 947, 952 (Mo. App.1991). Instead of entering a default judgment against the Department after the expiration of the thirty day time period provided in Rule 55.25, the trial court exercised its discretion to allow the City to file a responsive pleading in behalf of the Department out of time (two days late) and considered the motion to dismiss.[1] Although the trial court did not explicitly deny Jordan's motion to strike, the trial court's action in granting the motion to dismiss constitutes an implicit denial by the trial court of Jordan's motion to strike. Jordan has failed to show how the trial court abused its discretion in considering the motion out of time. The omission by the trial court of an explicit ruling denying Jordan's motion to strike does not constitute error.

Jordan also claims that the motion to strike should have been granted because the City did not organize its motion to dismiss in numbered paragraphs in violation of Rule 55.11. Jordan did not include this objection to the motion in his motion to strike. Thus, he failed to properly preserve this objection. Point I is denied.

### Summary Judgment Motion

In Point II, Jordan contends that the trial court erred in granting the City's motion for summary judgment based on the doctrine of *res judicata.*

The doctrine of *res judicata,* commonly referred to as "claim preclusion," operates as a bar to the reassertion of a cause of action that has been previously adjudicated in a proceeding between the same parties or those in privity with them. *American Polled Hereford Ass'n v. City of Kansas City,* 626 S.W.2d 237, 241 (Mo.1982). For the doctrine of *res judicata* to apply, a final judgment on the merits must have been rendered in the underlying action. *Barkley v. Carter County State Bank,* 791 S.W.2d 906, 910 (Mo.App.1990). The policies supporting *res judicata* include: (1) relieving parties of the cost and vexation of multiple lawsuits; (2) conserving judicial resources; and (3) encouraging reliance on adjudications. *Doherty v. McMillen,* 805 S.W.2d 361, 362 (Mo. App.1991). The doctrine is based upon the principle that a party should not be able to relitigate, in a second proceeding, a claim which was, or which should have been, litigated in a previous proceeding. *Andes v. Paden, Welch, Martin & Albano, P.C.,* 897 S.W.2d 19, 21 (Mo.App.1995).

Jordan first claims that the underlying judgment in *Jordan I* is not valid and, thus, not appropriate for the application of *res judicata.* Jordan asserts that the trial court's judgment in *Jordan I* is inconsistent.

1. It should be noted that the trial court also has discretion to refuse to enter a default judgment when the defendant appears and states a desire to contest the action, even if the defendant failed to file an answer or other responsive pleading within the prescribed time. *See Cotleur v. Danziger,* 870 S.W.2d 234, 237 (Mo. banc 1994).

The trial court's judgment reads in pertinent part:

1. Defendant Neighborhood and Community Services Development Department's Motion to Dismiss Plaintiff Jimmy Jordan's Petition (filed July 15, 1994) is **SUSTAINED**. Judgment is entered in favor of Defendant Arthur Greene and against Plaintiff for reasons stated in counsel's suggestions.

2. Defendant Arthur Greene's Motion for Summary Judgment (filed July 15, 1994) is **SUSTAINED**. Judgment is entered in favor of Defendant Neighborhood and Community Services Development Department for reasons stated in counsel's suggestions.

Jordan claims that the judgment is inconsistent because in the first paragraph, the trial court granted a motion for the Department, but entered judgment for Greene, and in the second paragraph, the trial court granted a motion for Greene, but entered judgment for the Department. This issue has already been decided in *Jordan I* where this court stated:

> We do not agree that the claimed error makes the judgments invalid. An order or judgment which is not absolutely unintelligible cannot be void on its face or an absolute nullity if it appears that the court which entered it had jurisdiction of the parties and the subject matter. The record shows that the trial court had jurisdiction over the parties and the subject matter.

*Jordan*, 903 S.W.2d at 258. Consequently, Jordan is not entitled to relitigate the validity of the prior judgment once again. The prior judgment is effective for purposes of *res judicata*.

■ Jordan next complains that the judgment was not "on the merits" because (1) the dismissal of his action was without prejudice; and (2) the judgment is based on the statute of limitations. Jordan seems to be confusing the two judgments, one which granted a motion to dismiss in favor of the Department, and one which granted summary judgment in favor of Greene. The judgment relevant to this inquiry is the summary judgment, not the dismissal. Thus, whether the dismissal of the action against the Department was with or without prejudice is irrelevant here. Second, Jordan claims that the judgment is not on the merits because it is based on the expiration of the statute of limitations. We disagree. A trial court's dismissal of an action on the basis of the statute of limitations is a final adjudication on the merits for purposes of *res judicata*. See *Andes*, 897 S.W.2d at 23; *Lamb v. Equifax Servs., Inc.*, 620 F.Supp. 1457, 1458 (E.D.Mo.1985); *Myers v. Bull*, 599 F.2d 863, 865 (8th Cir.), *cert. denied*, 444 U.S. 901, 100 S.Ct. 213, 62 L.Ed.2d 138 (1979).

■ The doctrine of *res judicata* bars a claim if the following elements are satisfied: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons or parties to the action; and (4) identity of the quality of the person for or against whom the claim is made. *King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. banc 1991). Here, the first element is satisfied because "the thing sued for" in both actions was monetary damages arising out of the same set of facts.

■ The second element that must be present for *res judicata* to apply is the identity of the cause of action. In the first action, Jordan asserted a cause of action for defamation, and in the second action, Jordan sued for the violation of constitutional rights and trespass. Jordan asserts that since the elements to be proven in the two actions were different, the second prong of the test, identity of the cause of action, is not satisfied. In order to have identity of the cause of action, the actions do not have to be identical, but the claims must have arisen out of the "same act, contract or transaction." *Andes*, 897 S.W.2d at 23. The term "transaction" is to be broadly construed and includes "all of the facts and circumstances which constitute the foundation of a claim." *Id.* The doctrine of *res judicata* "applies not only to points and issues upon which the court was required by the pleadings and proof to form an opinion and pronounce judgment, *but to every point properly belonging to the subject matter of litigation and*

*which the parties, exercising reasonable diligence, might have brought forward at the time."* *King Gen. Contractors, Inc.,* 821 S.W.2d at 501 (emphasis added). Stated another way, "a party may not litigate an issue and then, upon an adverse verdict, revive the claim on cumulative grounds which could have been brought before the court in the first proceeding." *Id.*

In the first petition, Jordan brought an action for defamation arising from oral statements made by Greene during a property maintenance board hearing and a court hearing, and for written statements in the form of summonses and notice letters prepared by Greene in 1989, 1990 and 1991. The alleged statements related to violations by Jordan of City ordinances pertaining to rank weeds and open storage. In the second petition, Jordan brought an action for the deprivation of his constitutional rights and for trespass based on the same complaints and summonses prepared by Greene relating to Jordan's violations of city ordinances pertaining to rank weeds and open storage. The trespass action was based on Greene's actions in investigating the city ordinance violations. Jordan, exercising reasonable diligence, could have brought all these claims together in the first action. Thus, the second element, the identity of the cause of action, is satisfied here.

▮ The third element which must be present is the identity of the persons or parties to the action. Jordan contends that since the City was not a party to the prior action, *res judicata* cannot act as a bar. This argument ignores the fact that Greene (defendant in the first action) was acting solely as an agent of the City (defendant in the second action). "[W]here the action is one involving the doctrine of respondeat superior, a judgment in separate actions acquitting the servant bars the action against the master and *vice versa.*" *Berwald v. Ratliff,* 782 S.W.2d 709, 711 (Mo.App.1989)(quoting *Ingels v. Citizens State Bank,* 632 S.W.2d 9, 12–13 (Mo.App.1982)) (emphasis in original). In *Berwald,* the court held that borrowers were barred by the doctrine of *res judicata* from bringing an action against a bank's former president, because they had already brought an action against the bank. In the original action, judgment was entered in favor of the bank. The borrowers asserted that the present action was against the president in his individual capacity. However, the court held that the bank officer was acting solely as an employee and agent of the bank and was not acting in his individual capacity. *Id.* at 711. This case presents a similar situation. Greene was a party to the first action in his capacity as an inspector for the Department. The City was vicariously responsible for his conduct as an inspector. Greene was acting solely as an employee and agent of the City, and not in his individual capacity, when he allegedly caused Jordan damage through his statements and actions. As in *Berwald,* the identity of the parties is satisfied here.

▮ The fourth element, the identity of the quality of the person for or against whom the claims are made, is also satisfied here. The status in which the City was sued was the same in both actions. Jordan sued Greene in the first action and the city in the second action, based on Greene's conduct, which was within the course and scope of Greene's employment with the City. The status did not change from the first action to the second action. The four identities are present for the doctrine of *res judicata* to apply here. The trial court did not err in granting the City's summary judgment motion based on the doctrine of *res judicata.* Point II is denied.

### Motion to Dismiss

▮ In Point III, Jordan argues that the trial court erred in granting the motion to dismiss filed in behalf of the Department based on the assertion that the Department is not a suable entity. Jordan cites *Pippins v. City of St. Louis,* 823 S.W.2d 131 (Mo.App. 1992) for the proposition that "[i]t is not an automatic conclusion that a subagency of a City is not a suable entity." In *Pippins,* the City of St. Louis filed a third-party petition against the Land Revitalization Authority of the City of St. Louis ("LRA") for contribution for any recovery plaintiff might have against the City in a personal injury action pending against it. The LRA contended that it did not have the capacity to be sued as a

entity separate from the City. The court found that the LRA was a separate suable entity from the City because the LRA was specifically defined as a corporation by § 92.875. *Id.* at 133. This case is distinguishable from *Pippins.* The Department is not a legislatively created entity but is an administrative arm of the City which lacks a legal identity apart from the City. *State ex rel. Gore v. Wochner,* 475 F.Supp. 274, 280 (E.D.Mo.1979), *aff'd* 620 F.2d 183, *cert. denied,* 449 U.S. 875, 101 S.Ct. 218, 66 L.Ed.2d 96 (1980). Thus, the Department is not a suable entity. Point III is denied.

The City requests this court to award it damages for the frivolous appeal of the issue presented in Point III because Jordan made the same argument in *Jordan I.* In *Jordan I,* this court instructed appellant that the Neighborhood and Community Service Development Department is merely an administrative arm of the City and that it lacks a legal identity apart from the City. *Jordan,* 903 S.W.2d at 257.

Appellant in this case sued the Department again, along with the City. Jordan once again contends on appeal that the trial court erred in dismissing the Department, although presumably he makes new arguments not argued in the first appeal. Jordan's contentions are without merit. We agree with the City that this appeal is frivolous. It is difficult to understand the appropriateness of any of the litigation which Jordan has brought. Nevertheless, since we do not have all the facts, we will not assess damage for a frivolous appeal. We advise Jordan, however, that if he brings additional litigation, and the additional litigation turns out to be groundless, the courts may not be as inclined toward leniency.

### Conclusion

The judgment is affirmed. The costs on appeal are assessed against appellant.