In the
 Missouri Court of Appeals
 Western District

 
 LESLIE M. HENSON, INDIVIDUALLY, 
 AND AS PERSONAL 
 REPRESENTATIVE OF THE ESTATE 
 OF LESLIE S. HENSON,
 
 Respondent, 
  WD84129
 v. 
  OPINION FILED:
 MEROB LOGISTICS, LLC AND 
 TEDROS S. LAKEW,  OCTOBER 5, 2021
 
 Respondents; 
 
 ZURICH AMERICAN INSURANCE 
 COMPANY, 
 
 Appellant. 

 Appeal from the Circuit Court of Jackson County, Missouri
 The Honorable John M. Torrence, Judge

 Before Division One: Alok Ahuja, Presiding Judge, Lisa White Hardwick, Judge,
 Anthony Rex Gabbert, Judge

 Zurich American Insurance Company (“Zurich”) appeals the judgment of the Jackson

County Circuit Court confirming an arbitration award. It raises ten points on appeal pertaining to

its motion to intervene. The appeal is dismissed for lack of a final judgment.

 Facts
 On December 6, 2019, Tedros Lakew was operating a tractor-trailer as part of his

employment with Merob Logistics, LLC (“Merob Logistics”). Lakew drove the tractor-trailer onto

the right shoulder of a highway in Chase County, Kansas and lost control of the vehicle. The

tractor-trailed ended up with its trailer blocking the roadway. It had no lights on it. Around 11:48

p.m., Leslie S. Henson (“Decedent”) struck the trailer while driving a passenger vehicle. He died

from his injuries six days later.

 At the time of the accident, Lakew and Merob Logistics were insured through American

Millennium Insurance Company (“American Millennium”) for the tractor portion of the tractor-

trailer. Lakew was pulling a trailer owned by an affiliate of Amazon.com, Inc. (“Amazon”) at the

time of the accident. The relevant Amazon entity was insured with a commercial auto insurance

policy through Zurich.

 On April 13, 2020, Decedent’s son, Leslie M. Henson (“Henson”)1, filed a wrongful death

lawsuit against Lakew and Merob Logistics. On September 3, Henson arbitrated his claims against

Merob Logistics and Lakew. On September 18, 2020, Henson filed an unopposed application to

confirm the arbitration award and enter judgment against Merob Logistics and Lakew. On

September 23, 2020, Zurich filed a motion to intervene in the case claiming it could intervene as

a matter of right pursuant to section 537.065.2 and Rule 52.12(a). On September 24, 2020, the

court entered judgment in favor of Henson and against Lakew and Merob Logistics.

 This appeal follows.

 Analysis

 Henson acted as the Personal Representative for Decedent’s estate. Henson’s brothers Patrick and Charles
 1

Henson were also beneficiaries of the estate.

 2
 In its first point on appeal, Zurich argues that the trial court erred in its September 24, 2020

judgment. It states that the judgment is not a final judgment because the trial court failed to rule

on Zurich’s motion to intervene. Zurich concludes the judgment does not dispose of all issues.

 This point is unique in that the appellant who filed the appeal with this court argues that

the judgment is not final and is not ready for appellate review. However, Zurich is not seeking a

dismissal of the appeal. Instead, it asks this court to reverse the judgment and remand with

instructions that the trial court should rule on Zurich’s motions.

 “The right to appeal is purely statutory and, where a statute does not give a right to appeal,

no right exists.” Howe v. Heartland Midwest, LLC, 604 S.W.3d 774, 778 (Mo. App. W.D. 2020)

(internal quotation marks omitted). Section 512.020(5) provides that any aggrieved party to a suit

may appeal a final judgment in the case. “An appeal without statutory sanction confers no

authority upon an appellate court except to enter an order dismissing the appeal.” Wunderlich v.

Wunderlich, 505 S.W.3d 434, 436 (Mo. App. W.D. 2016) (internal quotation marks omitted). If

Zurich is correct that the judgment is not final, this court lacks the authority to reverse and remand

with instructions. Instead, we must dismiss the appeal.

 “A final judgment necessarily incorporates all prior orders and judgments that adjudicated

some--but fewer than all--of the claims and the rights and liabilities of all the parties.” Howe, 604

S.W.3d at 784 (internal quotation marks omitted). “If a judgment disposes of fewer than all claims

of all parties, the judgment is not final.” Id. “If a judgment is not final, section 512.020(5) cannot

be relied on as the statutory basis to appeal.” Id.2

 2
 A party whose motion to intervene is denied must wait until a final judgment is entered to appeal and is a
party to the final judgment for purposes of section 512.020(5). State ex rel. Koster v. ConocoPhillips Co., 493 S.W.3d
397, 400–02 (Mo. banc 2016).

 3
 “Trial courts are typically required to address all pending motions, including a motion to

intervene as a matter of right under Rule 52.12(a)(2).” MILA Homes, LLC v. Scott, 608 S.W.3d

658, 662 n.5 (Mo. App. W.D. 2020). “[A] judgment cannot be interpreted to rule pending

motions sub silentio.” Howe, 604 S.W.3d at 779 (rejecting an argument that a judgment

“functionally” denied a motion to intervene). A failure to rule on a motion to intervene renders the

judgment not final. MILA Homes, 608 S.W.3d at 662 n.5; see also Howe, 604 S.W.3d at 781 n.8

(an earlier case where the court stated “the trial court’s failure to rule on the motion to intervene

might have affected the finality of the Judgment by failing to resolve all claims as to all parties”

but where the court determined it need not decide that issue).

 In the current case, the judgment is not final because the court did not rule on Zurich’s

motion to intervene. Zurich filed a motion to intervene in this case on September 23, 2020. The

court entered judgment on the next day, September 24, 2020. While the judgment does identify

Zurich as an insurer, it does not discuss the motion to intervene and does not rule on Zurich’s

motion to intervene.

 Merob Logistics and Lakew argue that the entry of judgment after the motion to intervene

was filed is an indirect ruling and denial of the motion to intervene. They rely on Geiler v. Liberty

Ins. Corp., 621 S.W.3d 536, 542 (Mo. App. W.D. 2021). In Geiler, both the plaintiff and defendant

filed opposing motions for summary judgment. Id. This court found that the defendant’s motion

for summary judgment was denied when the court granted the plaintiff’s motion for summary

judgment because the two motions were sufficiently intertwined. Id. This situation is

distinguishable in that the current case does not involve two contrary and opposing motions

wherein the grant of one is necessarily the denial of the other.

 4
 Merob Logistics and Lakew also cite Jordan v. Kansas City, 929 S.W.2d 882 (Mo. App.

W.D. 1996), to argue that we should read the circuit court’s judgment as an implicit ruling on

Zurich’s intervention motion. But in Jordan, this Court held only that granting of a motion to

dismiss constituted an implicit denial of the plaintiff’s motion to strike the motion to dismiss as

untimely. Id. at 885. As in Geiler, the grant of the defendant’s motion to dismiss in Jordan

necessarily denied the plaintiff’s motion to strike. Moreover, the motion to strike at issue in Jordan

was merely a procedural motion, not a substantive motion in which a putative party sought to assert

independent claims in the litigation. While a circuit court’s failure to explicitly address a purely

procedural motion may not affect the finality of the judgment, the court’s failure to address the

sort of substantive motion at issue in this case presents a different issue.

 “[I]t is well settled that courts speak only through their records.” Howe, 604 S.W.3d at 780

(internal quotation marks omitted). None of the court’s record in this case reflects the trial court

ruled on the motion to intervene. The judgment is identical to the proposed order confirming the

arbitration award filed by Henson on September 18, 2020. This proposed order was filed with the

court prior to Zurich filing a motion to intervene. It could not have addressed a motion to intervene

that had not yet been filed.

 On October 2, 2020, after judgment was entered, Henson filed a response that explicitly

responded to “Zurich’s two motions to intervene.” Merob Logistics and Lakew filed a response

on October 2, 2020, that also explicitly responded to “Zurich’s two motions to intervene.” A

response to the first motion to intervene would not have been necessary if the judgment denied the

motion. On October 5, 2020, Zurich filed a reply memorandum in support of its “motions to

intervene.” (Emphasis added).

 5
 The parties appeared for a case management conference on October 7, 2020. A subsequent

case management conference was set for November 4, 2020. That conference was cancelled

because Zurich filed its notice of appeal on October 28, 2020. Significantly, a docket entry was

made on February 4, 2021, well after the appeal process was underway, stating that Zurich’s

motions to intervene filed on September 23, 2020 and September 25, 2020, were no longer an issue

because the case had been appealed. The court did not rule on the motions prior to the entry of

judgment.

 In addition to a lack of final judgment, Zurich is not an aggrieved party. “A party who has

not been aggrieved by a judgment has no right or standing to appeal.” Id. at 779 (internal quotation

marks omitted). “[A] party cannot be said to be ‘aggrieved,’ unless error has been committed

against him.” Id. (internal quotation marks omitted). “Courts have a duty to determine if a party

has standing prior to addressing the substantive issues of the case.” Id. (internal quotation marks

omitted). In the current case, the court did not rule on the motion to intervene. Had it denied the

motion, then Zurich could complain about an error committed against it. As of now, though, the

matter is still pending. No error has been committed against Zurich, and it is not an aggrieved

party. See id. (“Time Warner is not aggrieved and has no standing to appeal, claiming error in the

denial of its motion to intervene, when neither the Judgment nor any interlocutory order

incorporated into the Judgment, has ruled the motion to intervene.”).

 Conclusion

 Zurich lacks the statutory authority to appeal the judgment under section 512.020(5)

because the judgment is not final and because Zurich is not an aggrieved party. The appeal is

dismissed. Given that the judgment is not final for purposes of appeal, this action remains subject

to the trial court’s exercise of jurisdiction. Id. at 785 n.13.

 6
 Anthony Rex Gabbert, Judge

All concur.

 7