**Delco L. CORNETT, Plaintiff,**

v.

**Henry CONGREGANE and "Doe" McCabe, Defendants.**

**No. 91 Civ. 6416 (RPP).**

United States District Court, S.D. New York.

Feb. 25, 1992.

---

**24.** As discussed above, the provisions of Article 2 apply to all aspects of the parties' relationship.

Delco L. Cornett, pro se.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City by Robert W. Sadowski, Asst. U.S. Atty., for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Pro se Plaintiff Delco Cornett seeks relief for alleged violations of his constitutional rights under the First and Fourth Amendments. Defendants Congregane and McCabe move jointly to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that Plaintiff fails to state a claim upon which relief can be granted against Defendants in their official capacities, and on the ground that process was improperly served on Defendants if they are being sued in their individual capacities. The Court shall treat the latter motion as brought pursuant to Fed.R.Civ.P. 12(b)(5).[1] For the reasons set forth below, the Defendants' motion is granted.

## BACKGROUND

The complaint alleges that during July 1990, Plaintiff hand-delivered to various federal district and circuit judges at 40 Foley Square, New York, New York a letter expressing his views on the fitness of two Second Circuit judges to take the seat on the Supreme Court vacated by Justice William Brennan. Complaint ¶¶ 2–3. Defendants, who are agents of the Federal Bureau of Investigation, are alleged to have visited Plaintiff soon thereafter in connection with an investigation of the letters. Complaint ¶¶ 10–13. Plaintiff alleges that Defendants demanded to be let into his apartment, although they did not have a search warrant. Complaint ¶¶ 22–26. Plaintiff claims that, because he was afraid, he admitted the Defendants into his apartment and that once inside Defendants

conducted a "visual search." Complaint ¶¶ 27–28. Plaintiff claims these alleged acts of Defendants constitute an invasion of his home and a violation of the Fourth Amendment prohibition against unreasonable searches.

In his second cause of action, Plaintiff claims Defendants thereafter left his apartment and accompanied him across the street to a park, where Defendants questioned him about the letters. Plaintiff claims that Defendants then told him that the complaint was not just about his political views about candidates for the Supreme Court but also about his statement that he would sue the judges' wives. Complaint ¶ 35. He alleges that the Defendants stated that "we can arrest anyone who expresses political views which we do not like." Complaint ¶ 33. Plaintiff also contends that one of the Defendants told him that if he continued to express his political opinions "we will claim that an anonymous letter was sent by you and we will arrest you and cause you to lose your job and your apartment." Complaint ¶¶ 40–41. The Complaint charges that such threats constitute a violation of his First Amendment right to freedom of speech and political expression.

Plaintiff seeks $50 million in compensatory damages and $200 million in punitive damages on each cause of action. The action was originally brought in New York State Supreme Court but was thereafter removed to this Court pursuant to 28 U.S.C. §§ 1441(a) & (b) and 1442(a). Plaintiff acknowledges that the Defendants were not personally served with the summons and complaint herein. Def. 3(g) Statement ¶ 8; Pl. 3(g) Statement ¶ 8.

## DISCUSSION

Plaintiff's complaint, which is held "to less stringent standards than formal pleadings drafted by lawyers", *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), does not

---

1. For purposes of the 12(b)(5) motion, the Defendants' uncontroverted affidavits shall be deemed admitted. 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (2d ed. 1990). For purposes of the 12(b)(6) motion, the allegations in the complaint shall be accepted as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972).

state whether the Defendants are being sued in their official capacities, as agents of the Federal Government, or in their individual capacities.

A claim against an FBI agent in his official capacity is, in essence, a claim against the United States. *See Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). No suit may be maintained against the United States absent an unequivocal waiver of immunity by Congress. *E.g., United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). There is no waiver of sovereign immunity for constitutional tort claims against the Federal Government. *Keene Corp. v. United States,* 700 F.2d 836, 845 n. 13 (2d Cir.), *cert. denied,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983).

Although Congress has provided a limited waiver of sovereign immunity under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 ("FTCA"), § 2675(a) of the FTCA requires that claimants exhaust administrative remedies before bringing their claims in federal court.

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency* in writing and sent by certified or registered mail. . . .

28 U.S.C. § 2675(a) (emphasis supplied). Plaintiff has not sought any administrative remedy before instituting this action in federal court.

A fair reading of Plaintiff's complaint is that he is bringing his action against the Defendants in their individual capacities. The gravamen of Plaintiff's claim is his allegations that the Defendants unlawfully searched his apartment and attempted to stifle his political expression with threats. Thus Defendants are alleged to have acted beyond the scope of their authority. When bringing such a claim against an individual, service of process must be effected pursuant to Rule 4 of the Federal Rules of Civil Procedure. In this case, Plaintiff attempted service on the Defendants by a means not in compliance with that Rule.

## CONCLUSION

For the reasons stated above, Plaintiff's claim against Defendants in their official capacities is dismissed pursuant to Fed. R.Civ.P. 12(b)(6), and Plaintiff's claim against Defendants in their individual capacities is dismissed pursuant to Fed. R.Civ.P. 12(b)(5).

IT IS SO ORDERED.