Melvin MARSDEN, Plaintiff,

v.

FEDERAL B.O.P., et al., Defendants.

No. 92 Civ. 2157 (LLS).

United States District Court,
S.D. New York.

June 24, 1994.

Melvin Marsden, plaintiff pro se.

Assistant U.S. Atty. Serene K. Nakano, New York City, for federal defendants.

Assistant County Atty. M. Kevin Coffey, Goshen, NY, for Orange County defendants.

### OPINION AND ORDER

STANTON, District Judge.

This civil rights action, brought by plaintiff *pro se* Melvin Marsden, was referred to the Honorable Sharon E. Grubin, United States Magistrate Judge, for general pre-trial pur-

poses and for a report and recommendation on substantive pre-trial motions. On January 27, 1994, Magistrate Judge Grubin issued and mailed to the parties her report and recommendation advising dismissal of the complaint, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). No party filed objections.

A complete review of the complaint, the parties' submissions, and Magistrate Judge Grubin's thoughtful, careful and thorough report and recommendation shows that she correctly concluded that the complaint should be dismissed.

Magistrate Judge Grubin's report and recommendation is adopted in all respects. The clerk is directed to dismiss the complaint.

### *REPORT AND RECOMMENDATION*

GRUBIN, United States Magistrate Judge:

Plaintiff, an inmate at the Orange County Jail at the time of filing, proceeding *pro se* and *in forma pauperis*, brings this civil rights action against the following defendants:

U.S. Bureau of Prisons (National)
J. Michael Quinlan, Director
320 First Street, N.W.
Washington, D.C. 20534

Metropolitan Correctional Center
Mr. Reed, Medical Director
150 Park Row
N.Y.C., N.Y. 10007

F.C.I., Danbury
Mr. Q. Hect, Medical Director
Pembroke Station
Danbury, Ct. 06811

Orange County Jail
Ms. S. Menon, Medical Director
40 Erie Street
Goshen, N.Y. 10924

Complaint ¶ III. Those defendants named in the first three paragraphs quoted above (the "federal defendants") have moved to dismiss the complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process and failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6). The Orange County Jail and Ms. S. Menon, its medical

director, have answered the complaint, but have brought no motion. Plaintiff's claims against the federal defendants are set forth in full in the complaint as follows:

All defendants are responsible for the action or inaction of thier staff.

M.C.C.,N.Y.—On or about May 1990 I was examined by a P.A. because of pain and numbness, I was told that x-rays and a cat scan would have to be taken (possible Arthritus, and possible I had suffered a mild stroke) I was informed that I would be taken to Beekman Downtown Hospital for same. After repeated sick calls and the same prognosis (pain. numbness and no reflex action on the right side of my body) X-rays were finally taken on or about March 1991 in M.C.C. (THIER X–RAY MACHINE WAS BROKEN AND THE NEW ONE THOUGH DELIVERED, WAS NOT INSTALLED FOR A YEAR) NO CAT SCAN WAS EVER TAKEN, It was assumed that the numbness and lack of reflexes was due to Osteo Arthritus pinching nerves in my neck.

F.C.I. DANBURY, DANBURY CT.—July 1991, would not supply Arthritus medication I'd been taken at M.C.C., N.Y. (which releaved 90% of pain/discomfort) because "it's too expensive" (Tolectin D.S. 400 mgs.) later revised to "medication not presently on institutions approved list". Employment resulted in prolonged exposure to extreme cold (on or about 10/91–1/92) causing extreme pain, I was not issued proper clothing, namely thermal undergarments, asked medical to request that I be issued same and/or be given indoor employment, I was told by Dr. Ahamad "No, we don't want to get involved". On 1/31/92 I was transferred to Orange County Jail without medical records or a synopsis of medical problems and list of medications prescribed (against B.O.P. policy and procedure)

Complaint ¶ IV. His claim against the Orange County Jail is, in full, stated as follows:

ORANGE COUNTY JAIL—Complete disregard, feel by putting the blame on the U.S. Marshal Service for not bringing my records with me, or sending them afterwards, it releaves them of all responsibility for treatment of any kind. Disregard thier own administrative procedures and try to placate you with promises of calling for the records again. Received Ibuprophen 600 mgs. 3 times daily for an unrelated injury, which is supposed to be taken with food, but dispensed here at least two hours before or after meals. Requested this OVER THE COUNTER medication for my arthritus numerous times (was prescribed and taking 800 mgs. 3 times daily at F.C.I. DANBURY) they would not give it because they "don't have my medical records". When asked that if I came in from the street would I remain untreated? "No, but being a holdover is different".

*Id.* Plaintiff alleges the foregoing acts were illegal and in violation of his constitutional rights and seeks injunctive and monetary relief.

Because this court lacks subject matter jurisdiction over some of the claims set forth in the complaint and because, further, the complaint fails to state a claim against any defendant, I recommend that it be dismissed in its entirety.[1]

*Standards on a Motion to Dismiss*

■ On a motion to dismiss for failure to state a claim upon which relief can be granted, the court accepts the factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff, *see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, — U.S. —, —, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993); *Walker v. City of New York*, 974 F.2d 293, 298 (2d Cir.1992), *cert. denied*, — U.S. —, 113 S.Ct. 1387, 122 L.Ed.2d 762 (1993) *and* — U.S. —, 113 S.Ct. 1412, 122 L.Ed.2d 784 (1993); *Frazier v. Coughlin*, 850 F.2d 129, 129 (2d Cir.1988), and *pro se* complaints are entitled to heightened deference. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 175–76, 66 L.Ed.2d

---

**1.** This case was originally assigned to the Honorable Louis J. Freeh and reassigned to your Honor upon Judge Freeh's departure from the court.

163 (1980) (per curiam); *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *Platsky v. CIA,* 953 F.2d 26, 28 (2d Cir.1991) (per curiam); *Salahuddin v. Coughlin,* 781 F.2d 24, 28 (2d Cir.1986). On a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, or insufficiency of service of process, consideration of matters outside the pleadings is permissible, *Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir.1986); *Cornett v. Congregane,* 785 F.Supp. 434, 435 n. 1 (S.D.N.Y.1992), although it is not necessary for resolution of the instant action. A complaint should not be dismissed for failure to state a claim unless, "after viewing plaintiff's allegations in this favorable light, 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Walker v. City of New York,* 974 F.2d at 298 (quoting *Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 123 (2d Cir.1991)).

### Federal Defendants

Plaintiff's complaint names the Bureau of Prisons and its director, the Metropolitan Correctional Center and its medical director and F.C.I. Danbury and its medical director. It is difficult to understand whether plaintiff intends to sue the three individuals in their official capacities, in their individual capacities, or in both. However, insofar as plaintiff proceeds *pro se,* we will assume that he intends both.

■ Official-capacity claims for money damages, however, based on allegations of constitutional violations are barred because they are suits against the United States which has not waived its sovereign immunity. *See Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985); *Keene Corp. v. United States,* 700 F.2d 836, 845 (2d Cir.), *cert. denied,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983); *Ramirez v. Obermaier,* No. 91 Civ. 7120 (RPP), 1992 U.S.Dist.Lexis 16563 at *12–13, 17–18, 1992 WL 320985 at *4, 6 (S.D.N.Y.

Oct. 27, 1992]; *Washington Square Post No. 1212 Am. Legion v. City of New York,* 720 F.Supp. 337, 347, 353–54 (S.D.N.Y.1989), *rev'd in part on other grounds sub nom. Washington Square Post No. 1212 Am. Legion v. Maduro,* 907 F.2d 1288 (2d Cir.1990). Thus, to the extent plaintiff asserts claims for money damages against Quinlan, Reed and Hecht in their official capacities, such claims must be dismissed for lack of subject matter jurisdiction. Similarly, constitutional claims against the Bureau of Prisons, the Metropolitan Correctional Center and F.C.I. Danbury are also merely claims against the United States and must be dismissed.

■ While official-capacity claims for injunctive or declaratory relief against individuals may be cognizable and money damage claims against them in their individual capacities are permissible, *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971),[2] plaintiff's claims here must nevertheless be dismissed because he fails to state a claim against them. Under *Bivens,* as under § 1983, a defendant's "personal involvement" in an alleged deprivation of constitutional rights is a prerequisite to an award of damages. *Gill v. Mooney,* 824 F.2d 192, 196 (2d Cir.1987); *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 886 (2d Cir.1987); *Williams v. Smith,* 781 F.2d 319, 323 (2d Cir.1986); *Black v. United States,* 534 F.2d 524, 527–28 (2d Cir.1976); *Ramirez v. Obermaier,* 1992 U.S.Dist.Lexis 16563 at *14–15, 1992 WL 320985 at *5 (a defendant "must personally have knowledge of or acquiesce or participate in the deprivation of the plaintiff's constitutional rights"). The doctrine of *respondeat superior* is not available in § 1983 or *Bivens* actions. *Monell v. Department of Social Serv.,* 436 U.S. 658, 692–95, 98 S.Ct. 2018, 2036–38, 56 L.Ed.2d 611 (1978); *Cuoco v. Quinlan,* No. 91 Civ. 7279 (LMM), 1992 U.S.Dist.Lexis 17476 at *15, 1992 WL 350755 at *5 (S.D.N.Y. Nov. 12, 1992); *Washington Square Post No. 1212 Am. Legion v. City of New York,* 720 F.Supp. at 347; *Adelona v. Webster,* 654 F.Supp. 968, 975 (S.D.N.Y. 1987). As plaintiff makes no allegations

---

**2.** Although plaintiff has used the form complaint for an action against state officials under 42 U.S.C. § 1983, which is inapplicable to federal defendants, I have construed these claims liberally as brought pursuant to *Bivens.*

whatsoever that the individual defendants had knowledge of or participated in or acquiesced in the alleged deprivation of his rights—indeed, plaintiff does not even mention these individuals anywhere in the body of the complaint—stating merely, "All defendants are responsible for the action or inaction· of their staff," Complaint ¶ IV, these claims, too, must be dismissed.

Finally, to the extent plaintiff seeks to allege a common law tort claim against the federal defendants, his sole basis for doing so would be the Federal Tort Claims Act. Under the FTCA Government employees enjoy absolute immunity against common law tort claims, and the only proper federal institutional defendant is the United States. 28 U.S.C. §§ 1346(b), 2679(a), 2679(b)(1). *See United States v. Smith*, 499 U.S. 160, 161–65, 111 S.Ct. 1180, 1183–84, 113 L.Ed.2d 134 (1991); *McHugh v. University of Vermont*, 966 F.2d 67, 70–71 (2d Cir.1992); *Rivera v. United States*, 928 F.2d 592, 608–09 (2d Cir. 1991); *Finelli v. DEA*, No. 92 Civ. 3463 (PKL), 1993 U.S.Dist.Lexis 1989 at *4–5, 1993 WL 51105 at *1–2 (S.D.N.Y. Feb. 24, 1993). Before such an action against the United States can be commenced, however, the FTCA requires that the claimant first exhaust administrative remedies by presenting such claims to the appropriate agency and that the agency deny them in writing. 28 U.S.C. § 2675(a). In this case, it is undisputed that plaintiff has not filed an administrative tort claim alleging inadequate or improper medical treatment. Declaration of David R. Essig, September 4, 1992, ¶ 3. Accordingly, this court lacks jurisdiction over the subject matter of this complaint to the extent it alleges a common law tort against the federal defendants. *See Finelli v. DEA*, 1993 U.S.Dist.Lexis 1989 at *7–8, 1993 WL

51105 at *2; *Setlech v. United States*, 816 F.Supp. 161, 165–66 (E.D.N.Y.1993).

*State Defendants*

With respect to plaintiff's claims against the Orange County Jail and Ms. S. Menon, its medical director, he again fails to state any claim upon which relief may be granted. As for the Orange County Jail, a jail· is not an entity that is amenable to suit. *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D.Ill.1993); *Griffin v. Rikers Island House of Detention for Men*, No. 91 Civ. 1694 (LBS), 1993 U.S.Dist.Lexis 389 at *3, 1993 WL 17203 at *1 (S.D.N.Y. Jan. 19, 1993); *McCoy v. Chesapeake Correctional Center*, 788 F.Supp. 890, 894 (E.D.Va.1992); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D.N.C.1989); *see also* Fed. R.Civ.P. 17(b). As for Ms. Menon, she is not mentioned at all in plaintiff's allegations. As an allegation of her personal involvement in the alleged wrongdoing would be required to state a claim (*see* p. 835, above), the complaint is deficient in this respect as well.[3]

*Conclusion*

For the reasons set forth above, I respectfully recommend that the complaint be dismissed under Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

The parties are hereby directed that if you have any objections to this Report and Recommendation you must, within ten (10) days from today, make them in writing, file them with the Clerk of the Court and send copies to the Honorable Louis L. Stanton, to the opposing party and to the undersigned. Failure to file objections within ten (10) days will preclude later appellate review of any order that will be entered by Judge Stanton. *See* 28 U.S.C. § 636(b)(1); Rules 6(a), 6(e)

---

3. Although the Orange County Jail and Ms. S. Menon have not moved to dismiss, they have pleaded the affirmative defense of plaintiff's failure to state a claim, and at this point the court should exercise its inherent authority under 28 U.S.C. § 1915(d) to dismiss these claims without requiring the formality of a motion. Section 1915(d) accords the district courts the discretionary authority to dismiss *sua sponte* a complaint filed *in forma pauperis* when it is, as here, "based on an indisputably meritless legal theory." *Denton v. Hernandez*, —— U.S. ——, ——, 112 S.Ct.

1728, 1733, 118 L.Ed.2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989)). *See also, e.g., Williams v. Bradley*, No. CV 92–3298 (RJD), 1992 U.S.Dist.Lexis 12006 at *2–3, 1992 WL 198301 at *1 (E.D.N.Y. July 31, 1992); *Hemphill v. United States Parole Comm'n*, No. 91 Civ. 4170 (LLS), 1991 U.S.Dist.Lexis 9622 at *1–3, 1991 WL 136032 at *1 (S.D.N.Y. July 16, 1991); *Mitchell v. Cohen*, No. CV 90–1836 (TCP), 1990 WL 100254 at *1–2 (E.D.N.Y. June 13, 1990) (not available on Lexis).

and 72(b) of the Federal Rules of Civil Procedure; *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of HHS,* 892 F.2d 15, 16 (2d Cir.1989) (per curiam); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 58 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983) (per curiam).