# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1302

_____

Vivian Womack,                              *
                                            *
          Plaintiff-Appellee,               *
                                            *
     v.                                     *
                                            *
City of Bellefontaine Neighbors;            *
                                            *
          Defendant,                        *
                                            *
Thomas Sheehan; William McClure;            *
                                            *
          Defendants-Appellants,            *
                                            *
Darren Marhanka,                            *
                                            *
          Defendant.                        *

_____                                 Appeals from the United States
                                            District Court for the Eastern
No. 99-1303                                 District of Missouri.

_____

Vivian Womack,                              *
                                            *
          Plaintiff-Appellee,               *
                                            *
     v.                                     *
                                            *
City of Bellefontaine Neighbors;            *
Thomas Sheehan; William McClure;            *

```
                                    *
        Defendants,                 *
                                    *
Darren Marhanka,                    *
                                    *
        Defendant-Appellant.        *
                          _____

                Submitted:  September 17, 1999
                     Filed: October 19, 1999
                          _____
```

Before BEAM, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

FAGG, Circuit Judge.

Vivian Womack brought this 42 U.S.C. § 1983 action against police officers Thomas Sheehan, William McClure, and Darren Marhanka (collectively the officers), who now appeal the denial of their summary judgment motion. We affirm.

We view the evidence in the light most favorable to Womack, the nonmoving party in this case. See Kuehl v. Burtis, 173 F.3d 646, 648 (8th Cir. 1999). Womack and her husband are both Missouri bail bondsmen. After Shannon Adams, an arrestee for whom Womack's husband posted bond, failed to appear in court, the Womacks went to the home of Adams's grandparents to arrest him. As Womack's husband approached the front door, Adams exited the back door where Womack was waiting for him. Womack stopped Adams, identified herself, and explained she had a warrant for his arrest. Adams then asked if he could go back inside to tell his grandmother; Womack consented and followed Adams into the house. When Adams's grandmother saw them, she began screaming and urging Adams to run. Adams jerked away from Womack, who attempted to control Adams with pepper spray, but Adams grabbed his grandmother and, using her as a shield, escaped out the back door.

-2-

While driving around the neighborhood looking for Adams, the Womacks flagged down police officer Marhanka and were explaining the situation when Marhanka received a call about an assault at the home of Adams's grandparents. Marhanka instructed the Womacks to continue their search while he answered the assault call. After a fruitless hunt for Adams, the Womacks returned to the grandparents' house. Marhanka then asked the Womacks to follow him to the police station so he could copy their warrant and bail bondsmen forms.

Once at the station, police officer Sheehan informed Womack that he was going to see about charging Womack for macing Adams's grandmother. Sheehan consulted the county prosecutor, who told Sheehan that Womack "probably had no authority to mace the grandmother and that [she] possibly could be charged with burglary, trespass, or assault . . . [and] further advised . . . Sheehan that he could present his police report and make a warrant application during the next regular business day at [the prosecutor's] office." (Prosecutor's Aff. at ¶ 3.) Sheehan also called police officer McClure, who told Sheehan he was uncertain whether Womack had authority to take custody of Adams in the manner she did but authorized Sheehan to "go ahead and arrest and book her." (J.A. at 80.)

Sheehan arrested Womack for first-degree burglary and second-degree assault. These charges were never prosecuted. Womack later brought this § 1983 action against the officers, alleging they arrested her without probable cause. The magistrate judge, to whose jurisdiction the parties consented under 28 U.S.C. § 636(c), denied the officers' motion for summary judgment, concluding that reasonable officers could not have believed they had probable cause to arrest Womack for the charged crimes and that the officers were not entitled to qualified immunity.

On appeal, the officers first contend the district court committed error in concluding they were not entitled to qualified immunity for arresting Womack on charges of first-degree burglary and second-degree assault. In considering the officers'

contention, we must decide whether Womack has alleged a clearly established constitutional right and whether reasonable officers in the position of these officers would have known that their actions violated that right. See Kuehl, 173 F.3d at 649. Womack's Fourth Amendment right not to be arrested without probable cause is certainly clearly established. See id. Thus, the officers are entitled to qualified immunity only if they arrested Womack with the objectively reasonable belief that they had probable cause to do so – even if they were mistaken. See id.; Ripson v. Alles, 21 F.3d 805, 808 (8th Cir. 1994). "Probable cause existed in the present case if, at the moment [the officers] arrested [Womack], the facts and circumstances within [the officers'] knowledge and of which [they] had reasonably trustworthy information were sufficient to warrant a prudent person in believing [Womack committed the charged crimes]." Ripson, 21 F.3d at 808; accord Kuehl, 173 F.3d at 650. Evidence tending to show Womack did not commit the charged crimes is relevant to whether the officers had probable cause to arrest her because officers contemplating an arrest cannot "disregard plainly exculpatory evidence, even if substantial inculpatory evidence (standing by itself) suggests that probable cause exists." Kuehl, 173 F.3d at 650; accord Ripson, 21 F.3d at 808; Peterson v. City of Plymouth, 60 F.3d 469, 476-77 (8th Cir. 1995).

At the moment the officers arrested Womack, they possessed information given them by Adams's grandmother and by Womack. Adams's grandmother told the officers Womack entered the house, tried to grab Adams, and then maced both Adams and the grandmother. The officers also knew, however, that Womack was a bail bondsman with the proper identification and authorization papers and a valid arrest warrant for Adams. Additionally, the officers had Womack's uncontradicted statement that she stopped Adams outside the house and identified herself, that Adams had invited her inside so he could tell his grandmother where he was going, that the scuffle occurred when Adams attempted to break away from Womack, that Womack tried to control Adams with her pepper spray because she was afraid the grandmother would get hurt,

and that the grandmother was accidentally maced only because Adams pulled her between himself and Womack.

Analyzing the weight of all this evidence, see Kuehl, 173 F.3d at 650, we agree with the district court that the officers are not entitled to qualified immunity. In arresting Womack for these crimes, the officers ignored plainly exculpatory evidence showing that Womack did not unlawfully enter the house of Adams's grandmother with the intent to commit a crime, see Mo. Rev. Stat. § 569.160.1 (1994) (first-degree burglary); that Womack did not attempt to cause or knowingly cause Adams's grandmother physical injury, see id. § 565.060.1(2) (second-degree assault); and that Womack did not recklessly cause Adams's grandmother serious physical injury, see id. § 565.060.1(3) (same). See Kuehl, 173 F.3d at 650-51. Thus, based on all the facts and reasonably trustworthy information known to the officers at the time, we conclude reasonable officers would not have believed probable cause existed to arrest Womack on the charges of first-degree burglary and second-degree assault. See id.; Ripson, 21 F.3d at 808.

The officers also argue they are entitled to qualified immunity because they relied on the county prosecutor's advice in arresting and charging Womack. (Sheehan & McClure Br. at 24-25; Marhanka Br. at 33.) We disagree. Following a prosecutor's advice "does not automatically cloak [officers] with qualified immunity, but rather, is used to show the reasonableness of the action taken," E-Z Mart Stores, Inc. v. Kirksey, 885 F.2d 476, 478 (8th Cir. 1989), and, viewed in the light most favorable to Womack, the record shows the officers did not follow the prosecutor's counsel in this instance. The prosecutor did not tell the officers to arrest Womack, but rather advised them to present their police report and warrant application in his office during the next business day.

Alternatively, the officers argue that, although they might not have had probable cause to arrest Womack for first-degree burglary or second-degree assault, they did

have probable cause to arrest Womack for other closely related offenses. Marhanka also separately argues he is entitled to qualified immunity because he did not participate in Womack's arrest and, in fact, opposed it. Because the officers did not present these issues to the magistrate judge, we decline to address them for the first time on appeal. See Mayard v. Hopwood, 105 F.3d 1226, 1227 n.1 (8th Cir. 1997).

The district court properly denied the officers' summary judgment motion. We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.