99 F.Supp.2d 1048 (2000)
Gerald Keene MOSLEY, Plaintiff,
v.
Shirley Maxine REEVES, et al., Defendants.
No. 1:98CV137 FRB.
United States District Court, E.D. Missouri, Southeastern Division.
January 21, 2000.
*1049 Gerald Keene Mosley, Poplar Bluff, MO, plaintiff pro se.
Daniel T. Moore, Moore and Walsh, L.L.P., Poplar Bluff, MO, for Shirley Maxine Reeves, defendant.
D. Keith Henson, Paule and Camazine, Clayton, MO, for Kenny Carpenter, defendant.

MEMORANDUM AND ORDER
BUCKLES, United States Magistrate Judge.
Presently pending before the Court is defendants Kenny Carpenter and Poplar Bluff Police Department's Motion for Summary Judgment on Counts II and III (filed April 21, 1999/Docket No. 22). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).
Plaintiff Gerald Keene Mosley brings this cause of action, pro se, alleging that the conduct of defendants Shirley Maxine Reeves, Kenny Carpenter and the Poplar Bluff Police Department resulted in his unlawful arrest which in turn caused his "unlawful incarceration, defamation of character, and extensive damage to his business and social standing." (Compl. at p. 3.) In his original complaint, captioned "Complaint Under the Civil Rights Act 42 USC  Section 1983," plaintiff specifically claims that defendant Kenny Carpenter, a police officer for the Poplar Bluff Police Department, violated his constitutional rights by effecting his unlawful arrest; that defendant Poplar Bluff Police Department *1050 violated his constitutional rights in that it "failed in its duty to protect and serve" and engaged in a "pattern of negligence" which culminated in plaintiff's unlawful arrest; and that plaintiff's former wife, defendant Shirley Maxine Reeves, out of retaliation stemming from their divorce, filed a false police report which provided the basis for the unlawful arrest. In an amended complaint filed January 13, 1999, plaintiff raised an additional claim that defendant Reeves obstructed the sale of real property, in violation of the Judgment of Dissolution of Marriage entered November 30, 1998, in the Circuit Court of Butler County, Missouri.
Defendants Carpenter and Poplar Bluff Police Department now move for summary judgment on plaintiff's claims against them arguing that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Specifically, defendant Carpenter contends that he is entitled to qualified immunity in effecting the arrest of plaintiff. The Poplar Bluff Police Department claims it is not a legal entity and/or government agency capable of being sued, and further contends that nevertheless, plaintiff's allegations fail to raise a claim upon which relief can be granted. Although plaintiff has not responded to defendants' motion,[1] the Court deems plaintiff's original complaint to be verified[2] and thus will consider the complaint in determining the instant motion. See Burgess v. Moore, 39 F.3d 216, 217-18 (8th Cir.1994); Williams v. Adams, 935 F.2d 960, 961-62 (8th Cir.1991).
Pursuant to Rule 56(c), Federal Rules of Civil Procedure, a court may grant summary judgment if the information before the court shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden of proof is on the moving party to set forth the basis of its motion, Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and the court must view all facts and inferences in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Once the moving party shows there are no material issues of fact in dispute, the burden shifts to the adverse party to set forth facts showing there is a genuine issue for trial. Id. The non-moving party may not rest upon its pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. Celotex, 477 U.S. at 324, 106 S.Ct. 2548.
Summary judgment is a harsh remedy and should not be granted unless the movant "has established his right to judgment with such clarity as to leave no room for controversy." New England Mutual Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir.1977). The Eighth Circuit has noted, however, that "summary judgment can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc., 838 F.2d 268, 273 (8th Cir.1988).

I. Evidence Before the Court on the Motion
On November 7, 1998, plaintiff intended to travel to the residence of his former wife, Shirley Maxine Reeves, to retrieve personal property awarded him in relation *1051 to dissolution proceedings between he and Ms. Reeves. (Compl. at p. 3.) A Full Order of Protection was in effect at that time which prohibited plaintiff from entering or staying upon the premises of the dwelling of Ms. Reeves. (Defts.' Mot. Summ.Judg., Exh. C.) In addition, the Full Order of Protection provided that plaintiff:
shall not use, attempt to use, or threaten to use physical force against [Ms. Reeves] that would reasonably be expected to cause bodily injury and shall not stalk, abuse, threaten to abuse, molest or disturb the peace of [Ms. Reeves] wherever [Ms. Reeves] may be.
(Defts.' Mot.Summ.Judg., Exh. C.)
Any violation of the Full Order of Protection was punishable by confinement in jail for a maximum period of five years and a maximum fine of $5,000.00. (Id.) On account of the Full Order of Protection, plaintiff contacted the Poplar Bluff Police Department to seek permission to travel to Ms. Reeves' dwelling to retrieve his property. (Compl. at p. 3.) Officer Hefner verbally advised plaintiff that he would be permitted to do so. No police officer accompanied plaintiff to Ms. Reeves' residence. (Compl. at p. 3.)
At approximately 3:00 p.m. on November 7, 1998, plaintiff traveled to Ms. Reeves' residence, retrieved his personal property without incident, and left the premises. (Compl. at pp. 3-4; Defts.' Mot.Summ.Judg., Exh. B.)
At approximately 3:50 p.m., the Poplar Bluff Police Department received a report that plaintiff had violated the protective order entered in the divorce proceedings between plaintiff and Ms. Reeves. (Defts.' Mot.Summ.Judg., Exh. A.) In response to this report, Officer Kenny Carpenter of the Poplar Bluff Police Department was dispatched to Ms. Reeves' home. (Id.) Upon Officer Carpenter's arrival, Ms. Reeves reported to Officer Carpenter that approximately thirty minutes after ending a mutually agreed meeting for the transfer of property, plaintiff returned to Ms. Reeves' house, began driving his car back and forth in front of the house, took photographs of the house, and took photographs of Ms. Reeves' son-in-law's truck. (Defts.' Mot.Sum.Judg., Exhs. A, B.) Ms. Reeves reported to Officer Carpenter that she considered plaintiff's conduct to be stalking and harassment. (Id.) In addition, Lee Ray Pickerell reported to Officer Carpenter that he witnessed plaintiff to return to Ms. Reeves' house after retrieving his property, to drive in front of the house, and to take photographs of the house. (Defts.' Mot.Summ.Judg., Exhs. A, D.) After receiving these statements, Officer Carpenter returned to the police station. (Defts.' Mot.Summ.Judg., Exh. A.)
Later that same date, plaintiff contacted the Poplar Bluff Police Department to report that he had not retrieved all of his personal property and that some items were missing. (Compl. at p. 4.) Officer Carpenter advised plaintiff to come to the police station. (Id.) Upon plaintiff's arrival at the police station, Officer Carpenter placed plaintiff under arrest for violating the Full Order of Protection. (Id.; Defts.' Mot.Summ.Judg., Exh. A.) Officer Carpenter's arrest of plaintiff was based on the statements and eyewitness accounts of Ms. Reeves and Mr. Pickerell. (Defts.' Mot. Summ.Judg., Exh. A.)

II. Discussion

A. Officer Carpenter

Defendant Carpenter claims that he is entitled to qualified immunity on plaintiff's claim that his arrest of plaintiff was unlawful and thus in violation of plaintiff's constitutional rights.
To withstand a motion for summary judgment on the grounds of qualified immunity, a civil rights plaintiff must:
(1) assert a violation of a constitutional right; (2) demonstrate that the alleged right is clearly established; and (3) raise a genuine issue of fact as to whether the official would have known that his alleged conduct would have violated plaintiff's clearly established right.
*1052 Habiger v. City of Fargo, 80 F.3d 289, 295 (8th Cir.1996).
Once it has been established that the relevant predicate facts are not in dispute, the determination as to whether an officer's conduct violated a clearly established right becomes a question of law. See Pace v. City of Des Moines, Iowa, 201 F.3d 1050, 1056 (8th Cir.2000).
A person has "a clearly established right under the Fourth Amendment not to be arrested unless there [is] probable cause for [the] arrest." Habiger, 80 F.3d at 295. In the context of a warrantless arrest, probable cause exists when facts known to the arresting officer are sufficient to make a reasonably prudent officer believe that the suspect is committing or has committed an offense. Olinger v. Larson, 134 F.3d 1362, 1366 (8th Cir. 1998). When determining whether a law enforcement officer is entitled to qualified immunity, the issue "is not probable cause in fact but arguable probable cause." Myers v. Morris, 810 F.2d 1437, 1455 (8th Cir.1987). If officers act "with the objectively reasonable belief that they [have] probable cause" to arrest, they are entitled to qualified immunity, even if they were mistaken in their belief. Womack v. City of Bellefontaine Neighbors, 193 F.3d 1028, 1031 (8th Cir.1999). The qualified immunity defense protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).
The undisputed facts before the Court show that Officer Carpenter had arguable probable cause, if not probable cause in fact, to arrest plaintiff for violation of the Full Order of Protection. At the time of the incident, a Full Order of Protection was in place which made it a felony offense for plaintiff to, inter alia, stalk or disturb the peace of Ms. Reeves wherever Ms. Reeves may be. At the time of plaintiff's arrest, Officer Carpenter had information in the form of statements from Ms. Reeves and corroborating statements from an independent eyewitness that plaintiff was driving back and forth in front of Ms. Reeves' home, was taking photographs of Ms. Reeves' home, and was taking photographs of a vehicle parked at the home. See Pace, at 1057 (corroborating statements from witnesses provided support for police officer's finding of probable cause); Clay v. Conlee, 815 F.2d 1164, 1168 (8th Cir.1987) (law enforcement officers entitled to rely on information supplied by crime victim, absent some indication that the information is not reasonably trustworthy or reliable). The undisputed facts before the Court show that this incident occurred separately from and was wholly independent of the consensual encounter between the plaintiff and Ms. Reeves wherein plaintiff was given his personal property without incident. It is not necessary for the Court to decide whether these facts known to Officer Carpenter provided him actual probable cause to arrest plaintiff. Instead, the undisputed facts need only show, and indeed do show, that the facts and information available to Officer Carpenter would support a reasonable law enforcement officer's belief that probable cause existed to arrest plaintiff for violation of the Full Order of Protection, which prohibited plaintiff's stalking and/or disturbing the peace of Ms. Reeves. See Johnson v. Schneiderheinz, 102 F.3d 340, 342 (8th Cir.1996).
Plaintiff argues, however, that Officer Carpenter "refused to listen to plaintiff's side of the story and farther [sic] refused to acknowledge that there was a domestic dispute already in existence between the two parties." (Compl. at p. 4.) Plaintiff further claims that Officer Carpenter should have, but failed to, conduct a preliminary investigation of the facts before arresting plaintiff. (Id. at p. 5.) Plaintiff does not state what information he would have provided to Officer Carpenter as to his "side of the story" or that such information would have provided exculpatory evidence sufficient to negate the probable cause necessary for arrest. See Kuehl v. *1053 Burtis, 173 F.3d 646, 650-51 (8th Cir. 1999). In addition, contrary to plaintiff's assertion that Officer Carpenter refused to acknowledge the domestic dispute between plaintiff and Ms. Reeves, Officer Carpenter arrested plaintiff for violating an existing Order of Protection which arose out of such dispute. Finally, plaintiff has presented nothing to the Court to demonstrate that any further investigation would have exonerated plaintiff and thus negated probable cause for arrest. See id.; see also Olinger, 134 F.3d at 1366. Indeed, plaintiff has failed to present any evidence to rebut defendants' showing that plaintiff returned to Ms. Reeves' home after the consensual encounter ended and proceeded to drive back and forth in front of the home while taking photographs of the home and a vehicle parked at the home. As discussed above, a reasonable officer could have believed that such facts constituted probable cause to arrest plaintiff for violating the Full Order of Protection. "That the [officer] may have been mistaken is not enough to find a violation of [plaintiff's] constitutional rights." Johnson v. Schneiderheinz, 102 F.3d at 342.
Therefore, in light of the foregoing, defendant Carpenter is entitled to qualified immunity on plaintiff's claim that his arrest of plaintiff was unlawful and in violation of plaintiff's constitutional rights.[3]

B. Poplar Bluff Police Department

In his complaint, plaintiff claims that the Poplar Bluff Police Department violated his constitutional rights in that it "failed in its duty to protect and serve" and engaged in a "pattern of negligence" which culminated in plaintiff's unlawful arrest.
In the instant motion for summary judgment, the Poplar Bluff Police Department argues it is entitled to summary judgment on plaintiff's claims against it inasmuch as it is not a legal entity and/or government agency capable of being sued. The Eighth Circuit Court of Appeals has previously determined that police departments are not suable entities, but instead are merely divisions of city government. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir.1992); see also Russell v. City of Overland Police Dep't, 838 F.Supp. 1350, 1352 (E.D.Mo. 1993). But see Tilson v. Forrest City Police Dep't, 28 F.3d 802, 807 (8th Cir.1994) (setting out what civil rights plaintiff must show for police department to be liable for constitutional violations).[4] As such, the City of Poplar Bluff is the appropriate suable entity in this cause. See Russell, 838 F.Supp. at 1352. Given the liberal *1054 construction accorded pro se complaints, the Court will construe plaintiff's claims to be against the City of Poplar Bluff, which is the proper suable entity here. Russell, 838 F.Supp. at 1352.[5]
To impose liability upon a municipality under 42 U.S.C. § 1983, a civil rights plaintiff must demonstrate that the conduct complained of is attributable to an unconstitutional official policy or custom. Polk County v. Dodson, 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); Monell v. Department of Social Servs. of the City of New York, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir.1999). For municipal liability to attach, it is not enough for a § 1983 plaintiff to show that the municipality's agents or employees have violated or will violate the Constitution, for a municipality will not be held liable solely on a theory of respondeat superior. Monell, 436 U.S. at 694, 98 S.Ct. 2018. In addition, an allegation of mere negligence is insufficient to demonstrate an unconstitutional policy or custom. See Board of County Commissioners of Bryan County, Okla. v. Brown, 520 U.S. 397, 407, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Instead, the plaintiff must
demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.
Id. at 404, 117 S.Ct. 1382 (emphasis in original).
Further, the existence of a municipal policy, custom or practice cannot be inferred solely from the proof of a single unconstitutional incident. Wedemeier v. City of Ballwin, 931 F.2d 24, 26 (8th Cir. 1991) (generally, an isolated incident of police misconduct by subordinate officers is insufficient to establish municipal policy or custom); Williams v. Mensey, 785 F.2d 631, 635 (8th Cir.1986) (improper to permit jury to infer the existence of a municipal policy or custom solely from proof of one officer's conduct, no matter how egregious the conduct may have been).
Here, plaintiff asserts a deprivation of his constitutional rights but appears to claim only respondeat superior liability against the Department/City regarding Officer Carpenter's alleged unlawful arrest. Such respondeat superior claims are not cognizable under § 1983. To the extent plaintiff's complaint can be construed to assert municipal liability under § 1983, plaintiff has failed to identify the official municipal policy or widespread custom or practice that caused his injury. Monell, 436 U.S. at 691, 98 S.Ct. 2018. Although plaintiff claims that the Department's/City's "pattern of negligence" caused his alleged injury, negligence alone is insufficient to state a claim of municipal liability under § 1983. Brown, 520 U.S. at 407, 117 S.Ct. 1382.
Nothing before the Court demonstrates that the City of Poplar Bluff, through deliberate conduct or an established policy, custom or practice, caused plaintiff's constitutional rights to be violated. Because plaintiff has failed to identify a custom, policy or practice which resulted in a deprivation of his constitutional rights, defendant Poplar Bluff Police Department/City of Poplar Bluff should be granted judgment as a matter of law as to plaintiff's claims against it. Johnson v. Outboard Marine Corp., 172 F.3d at 536.

C. Shirley Maxine Reeves

In his original complaint, plaintiff claims that his former wife, defendant Shirley Maxine Reeves, filed a false police report *1055 which provided the basis for his alleged unlawful arrest. In his amended complaint, plaintiff claims that defendant Reeves obstructed the sale of real property, in violation of the Judgment of Dissolution of Marriage entered November 30, 1998, in the Circuit Court of Butler County, Missouri. Because such claims are insufficient to impose liability upon defendant Reeves under 42 U.S.C. § 1983, the undersigned liberally construes plaintiff's complaints to allege pendent state law claims against Reeves.
For liability to attach under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. Roe v. Humke, 128 F.3d 1213, 1215 (8th Cir.1997). To hold a private party liable under § 1983, plaintiff "`must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor.'" Miller v. Compton, 122 F.3d 1094, 1098 (8th Cir.1997) (quoting Mershon v. Beasley, 994 F.2d 449, 451 (8th Cir.1993)). Plaintiff makes no allegation in either his original complaint or amended complaint that Reeves acted in concert with any state actor in allegedly filing a false police report or in allegedly obstructing the sale of real property, nor can the complaints be reasonably construed to make such an allegation. A private party's mere invocation of state legal procedures does not constitute joint participation or conspiracy with state officials to satisfy the § 1983 requirement of action under state law. Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 n. 21, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Inasmuch as plaintiff does not allege that defendant Reeves was a state actor or acted in concert with any state actor, plaintiff's allegations, even liberally construed, do not give rise to claims actionable against Reeves under 42 U.S.C. § 1983. See Barnes v. Dorsey, 480 F.2d 1057, 1061 (8th Cir.1973).
The Court thus construes plaintiff's complaints to raise only state law claims against defendant Reeves. Cf. Roe, 128 F.3d at 1218 ("The [injury] to plaintiff, while reprehensible and to be condemned in the strongest possible terms, was a private tort committed by a person acting in a purely private capacity."). Inasmuch as the Court will dismiss all claims over which this Court has original jurisdiction, see discussion supra at Sections II.A and B, the undersigned declines to exercise supplemental jurisdiction over these state law claims. 28 U.S.C. § 1367(c)(3).
Therefore, for all of the foregoing reasons,
IT IS HEREBY ORDERED that plaintiff's "Motion for Leave of Court to File Untimely Amended Pleadings to Statement of Claim" (Docket No. 24) is denied.
IT IS FURTHER ORDERED that defendants Kenny Carpenter and Poplar Bluff Police Department's Motion for Summary Judgment on Counts II and III (Docket No. 22) is granted in its entirety.
IT IS FURTHER ORDERED that plaintiffs claims against defendant Shirley Maxine Reeves are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).
IT IS FURTHER ORDERED that all motions which remain pending in this cause are denied as moot and without prejudice.
Judgment shall be entered accordingly.
NOTES
[1] On July 26, 1999, plaintiff filed a Motion for Summary Judgment in which plaintiff appears to respond to some of the claims raised in the instant motion. In a Memorandum filed with the Court September 3, 1999, however, plaintiff contends that his Motion for Summary Judgment should "in no way [be] construed" as an opposition to defendants' motion (Pltf.'s Resp. to Defts.' Oppos., filed Sept. 3, 1999, at p. 4), and that, in fact, defendants' motion "was judicially ignored by the Plaintiff[.]" (Id. at p. 1.)
[2] Plaintiff's original complaint was sworn and subscribed by plaintiff before a notary public.
[3] The undersigned notes that plaintiff currently has pending before the Court a "Motion for Leave of Court to File Untimely Amended Pleadings to Statement of Claim" (filed July 26, 1999/Docket No. 24) in which plaintiff seeks to file an "Amended Statement of Claim Against Defendant Kenny Carpenter." In the proposed amended statement, plaintiff asserts that defendant Carpenter "is unable to produce legal justification for his specific acts and omissions of acts that were instrumental in his probable cause arrest of the plaintiff on November 7, 1998." In light of the foregoing discussion, the amended statement is insufficient to provide a basis upon which to deny defendant Carpenter's motion for summary judgment based on qualified immunity. Inasmuch as the amended statement would be futile to plaintiff's cause, the Court will deny plaintiff's motion for leave to file the amended statement. Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 225 (8th Cir.1994).
[4] Under Tilson, a police department may be liable under § 1983 if a civil rights plaintiff shows that

the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the Department] or that a constitutional deprivation [was] visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.
Tilson, 28 F.3d at 807 (citations omitted).
Assuming arguendo that a city's police department may be liable under § 1983, the plaintiff here has nevertheless failed to present any evidence to this Court to demonstrate that a policy statement, ordinance, regulation, decision, or custom adopted and promulgated by the Poplar Bluff Police Department resulted in a constitutional deprivation to plaintiff.
[5] Indeed, in the instant motion for summary judgment, the Poplar Bluff Police Department appears to argue that plaintiff's claims fail to state a claim even to the extent they attempt to impose liability upon the City of Poplar Bluff.