# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1966

_____

Cesar De La Garza,                          *
                                            *
            Appellant,                      *
                                            *    Appeal from the United States
      v.                                    *    District Court for the
                                            *    District of Minnesota.
Kandiyohi County Jail, Correctional         *
Institution; Kandiyohi County Sheriff       *          [UNPUBLISHED]
Department,                                 *
                                            *
            Appellees.                      *

_____

Submitted:  August 27, 2001

Filed:   August 30, 2001

_____

Before WOLLMAN, Chief Judge, MORRIS SHEPPARD ARNOLD and BYE, Circuit
      Judges.

_____

PER CURIAM.

      Cesar De La Garza brought a 42 U.S.C. § 1983 action against the Kandiyohi
County Jail and the Kandiyohi County Sheriff Department, alleging racial
discrimination against him and other Hispanic inmates in housing conditions,

disciplinary actions, transfers, and medical treatment. The district court[1] dismissed the action with prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim because neither named party was a suable entity.

While we agree with the district court's conclusion, see Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); Marsden v. Fed. Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) ("jail is not an entity that is amenable to suit"); In re Scott County Master Docket, 672 F. Supp. 1152, 1163 n.1 (D. Minn. 1987) (sheriff's department is not legal entity subject to suit), aff'd, Myers v. Scott County, 868 F.2d 1017 (8th Cir. 1989), we modify the dismissal to be without prejudice so that Mr. De La Garza may refile his complaint to name a suable entity or individual, cf. Monell v. Dept. of Soc. Servs., 436 U.S. 658, 707-08 (1978) (local government liable under § 1983 if injury stems from official policy or custom); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (prison warden individually liable if directly involved in unconstitutional decision).

Accordingly, we affirm the dismissal, see 8th Cir. R. 47A(a), but we modify it to be without prejudice.

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jonathan G. Lebedoff, United States Magistrate Judge for the District of Minnesota.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.