299 F.Supp.2d 967 (2004)
James S. CATLETT, Plaintiff,
v.
JEFFERSON COUNTY, et al., Defendants.
No. 4:03-CV-311 CAS.
United States District Court, E.D. Missouri, Eastern Division.
January 28, 2004.
David L. Going, Connie L. Johnson, Madalyn A. Payne, Armstrong Teasdale, LLP, St. Louis, MO, for James Catlett.
James Catlett, Hillsboro, MO, pro se.
William A. Hellmich, Ronald D. Kwentus, Jr., King and Krahbiel, St. Louis, MO, for Jefferson County.

MEMORANDUM AND ORDER
SHAW, District Judge.
This matter is before the Court on a motion to dismiss filed by defendants Jefferson County Sheriff's Department and Medical Department of the Jefferson *968 County Sheriff's Department. Plaintiff has not responded to the motion, and the time to do so has passed. For the following reasons, the Court will grant these defendants' motion to dismiss the claims against them.

Legal Standard.
This is an action by a pretrial detainee asserting constitutional claims pursuant to 42 U.S.C. § 1983. Plaintiff, who is represented by appointed counsel, alleges inter alia that he has been subjected to unsanitary and inhumane conditions of confinement and denied adequate medical care during his confinement at the Jefferson County Jail. The defendants in this action are Jefferson County, the Jefferson County Sheriff's Department (Sheriff's Department) and the Medical Department of the Jefferson County Sheriff's Department (Medical Department) (the latter two are collectively referred to as "defendants"). The Sheriff's Department and the Medical Department move for dismissal of the claims against them on the basis that they are not "juridical entities separate from county government, but a division thereof." Defs.' Mem. Supp. at 2.

Legal Standard.
The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to present evidence in support of his claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003).

Discussion.
The defendants assert that they are not separate, juridical entities subject to suit, but rather that the Sheriff's Department is a division of the defendant Jefferson County, and the Medical Department is a division of the Sheriff's Department. Defendants rely on Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir.1992), to support the proposition that they are divisions of county government and not separate juridical entities. In Ketchum, the Eighth Circuit approved the district court's dismissal of Section 1983 claims against the West Memphis (Arkansas) Police Department and West Memphis Paramedic Services because those defendants were "not juridical entities suable as such. They are simply departments or subdivisions of the City government." Id. at 82. Defendants also cite a case from this district, Mosley v. Reeves, 99 F.Supp.2d 1048 (E.D.Mo.2000) (J. Buckles), which held that the Poplar Bluff (Missouri) Police Department was entitled to summary judgment on Section 1983 claim because it was not a legal entity or government agency capable of being sued. Id. at 1053. Relying on the Eighth Circuit's decision in Ketchum, this Court in Mosley stated, "The Eighth Circuit has previously determined that police departments are not suable entitles, but instead are merely divisions of city government." Id. The Court concluded that the City of Poplar Bluff was the proper suable entity in the case. Id.
A local governmental entity, such as a county sheriff's department, which lacks the capacity to be sued under the *969 applicable state law may not be sued in federal court under the provisions Federal Rule of Civil Procedure 17. Dean v. Barber, 951 F.2d 1210 (11th Cir.1992).[1] The Court therefore looks to Missouri law to determine whether the Sheriff's Department and the Medical Department are subject to suit in this Court under Section 1983. The Missouri Supreme Court held long ago that departments of a municipality cannot be sued unless statutory authorization to sue and be sued has been given to the departments:
The health department, water department, sewer department, or any other department or utility of a city, unless expressly made suable by statute, cannot be sued either on a contract or for a tort; and this for the reason that if liability exists, the city itself is the party liable, and not the particular department the conduct of which gave rise to the cause of action.
American Fire Alarm Co. v. Board of Police Comm'rs of Kansas City, 285 Mo. 581, 227 S.W. 114, 116 (1920). At least one Missouri decision has held that a county sheriff's department is not a legal entity capable of being sued. See White v. Camden County Sheriff's Department, 106 S.W.3d 626, 631 (Mo.App. S.D.2003). See also Jordan v. Kansas City, Mo., 929 S.W.2d 882, 887-88 (Mo.App. W.D.1996) (city's Neighborhood and Community Services Department was not a legislatively created entity but instead was an administrative arm of the city, which lacked a legal identity apart from the city and therefore was not a suable entity).[2]
The Court finds no statutory authorization for the Sheriff's Department or the Medical Department to sue or be sued. Therefore these entities are mere departments of Jefferson County and are not legal entities subject to suit under Section 1983. As a result, it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim against these defendants entitling him to relief. See Conley, 355 U.S. at 45-46, 78 S.Ct. 99. Any claims based on the conduct of these defendants are properly asserted against defendant Jefferson County. See American Fire Alarm Co., 227 S.W. at 117.

Conclusion.
For the foregoing reasons, the Court concludes that defendants' motion to dismiss plaintiff's claims against the Jefferson County Sheriff's Department and the Medical Department of the Jefferson County Sheriff's Department should be granted.
Accordingly,
*970 IT IS HEREBY ORDERED that defendants' motion to dismiss plaintiff's claims against the Jefferson County Sheriff's Department and the Medical Department of the Jefferson County Sheriff's Department is GRANTED. [Doc. 32]
An appropriate order of partial dismissal will accompany this memorandum and order.
NOTES
[1] The Eighth Circuit has cited the Dean decision in at least two unpublished decisions for the proposition that sheriff's departments are not usually considered legal entities subject to suit under Section 1983. See Wade v. Tompkins, 73 Fed. Appx. 890, 893 (8th Cir.2003) (unpublished per curiam) (affirming summary judgment on Section 1983 claim against Arkansas sheriff's department); De La Garza v. Kandiyohi County Jail, 18 Fed. Appx. 436, 437 (8th Cir.2001) (unpublished per curiam) (affirming dismissal of Section 1983 claims against Minnesota county jail and sheriff's department).
[2] These cases are properly contrasted with Missouri decisions holding that certain legislatively-created subagencies of cities may be sued. See, e.g., Pippins v. City of St. Louis, 823 S.W.2d 131 (Mo.App. E.D.1992) (Land Revitalization Authority of the City of St. Louis was a separate suable entity from the City of St. Louis, as it was expressly created a corporation by statute); American Fire Alarm Co. v. Board of Police Comm'rs of Kansas City, 285 Mo. 581, 227 S.W. 114, 116-17 (1920) (The board of police and the police systems in the cities of Kansas City and St. Louis are not departments of their respective city governments as these are statutorily-created entities, and any legal action against them must be asserted against the members of the board of police commissioners).